IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD E. COHEN, MORBEN REALTY CO., INC., RONCO REALTY, and MATCO, | § § § | |
| *Plaintiffs* | § § | |
| VS. | § § | CIVIL ACTION NO. 3:15-cv-01837 |
| SENECA INSURANCE COMPANY, INC., J.S. HELD, INC., HAAG ENGINEERING CO., and R. KEAN JENNER, | § § § § § | |
| *Defendants* | § | |

**DEFENDANT SENECA INSURANCE COMPANY, INC.'S
NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Seneca Insurance Company, Inc. ("Seneca" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court as follows:

*Factual and Procedural Background*

1. This case involves a dispute over insurance coverage for alleged property damage under a commercial property insurance policy issued by Seneca. *See* Plaintiffs' Second Amended Original Petition ("Plaintiff's Second Amended Petition"), ¶¶ 13-14.

2. On April 21, 2015, Plaintiffs filed their Second Amended Petition in the matter styled *Ronald E. Cohen, Morben Realty Co., Inc., Ronco Realty, and Matco v. Seneca Insurance Company, Inc., J.S. Held, Inc., Haag Engineering Co., and R. Kean Jenner*, Cause No. CC-15-00904-A; County Court at Law No. 1, Dallas County, Texas. Seneca's registered agent received

service of the suit for the first time on April 27, 2015. Defendant Seneca files this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b).

3. Attached hereto as Exhibit "A" is the Index of All Documents. A copy of the Dallas County Clerk's Docket Sheet and File for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of Defendant Seneca's Original Answer. Attached hereto as Exhibit "C" is Seneca's Certificate of Interested Persons.

*Basis for Removal*

4. Removal is proper under 28 U.S.C. §1332(a)(1), §1441(a), and §1446. There is complete diversity of citizenship between Plaintiffs and Seneca. As discussed below, Defendants J.S. Held, Inc. ("J.S. Held"), Haag Engineering Co. ("Haag Engineering"), and R. Keans Jenner ("Jenner") have been improperly joined, and their citizenship should not be considered for diversity of citizenship purposes.

**A.  Plaintiffs and Seneca Are Diverse.**

5. Complete diversity of citizenship exists between Plaintiffs and Seneca.

6. Upon information and belief, Plaintiff Ronald E. Cohen is, and was at all relevant times, a citizen of Texas.

7. Upon information and belief, Plaintiff Morben Realty Co., Inc. is incorporated under the laws of Texas with its principal place of business in Texas. As such, Morben Realty Co., Inc. is, and was at all relevant times, a citizen of Texas.

8. Upon information and belief, Plaintiff Ronco Realty is incorporated under the laws of Texas with its principal place of business in Texas. As such, Plaintiff Ronco Realty is, and was at all relevant times, a citizen of Texas.

9. Upon information and belief, Matco is a citizen of Texas.

10. Defendant Seneca is incorporated under the laws of the State of New York with its principal place of business in New York, New York. Seneca is, and was at all relevant times, a citizen of New York.

**B.   Defendants J.S. Held, Haag Engineering, and Jenner Have Been Improperly Joined.**

11. Upon information and belief, Defendants J.S. Held, Inc., Haag Engineering Co. and R. Kean Jenner are citizens of Texas; however, they have been improperly joined.

12. A party may establish improper joinder when it shows the plaintiff's inability to establish a state-law claim against the non-diverse defendants. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). The test for improper joinder is that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. In other words, the failure to specify a factual and legal basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). "Specific actionable conduct" must be alleged. *See Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL

1038678 at *7 (S.D. Tex. Mar. 27, 2012) [citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011)].[1]

13. Although some federal courts in Texas were previously split on whether the Texas "fair-notice" standard or the federal pleading standard should apply when evaluating a state court petition to determine if there is a sufficient factual or legal basis for claims against a non-diverse party, recent federal authority supports the conclusion that the more stringent federal standard should apply. This is because Texas recently enacted Texas Rule of Civil Procedure 91a, which is akin to Federal Rule of Civil Procedure 12(b)(6). As a Court in the Northern District recently stated: "The court recognizes that the Texas fair notice standard must be considered in context with Rule 91a of the Texas Rules of Civil Procedure." *Conrad v. SIB Mortgage Corp.*, No. 4:14-CV-915-A, 2014 WL 6058234, at *2 n.4 (N.D. Tex. Nov. 13, 2014); *see also One Way Investments, Inc. v. Century Sur. Co.,* No. 3:14-CV-2839-D, 2014 WL 6991277, at *3 (N.D. Tex. Dec. 11, 2014) (relying on Rule 91a when holding that the plaintiff's motion for remand should be denied in light of the plaintiff's failure to assert viable causes of action against the non-diverse adjuster defendant, as required by Rule 91a); *Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, No. 3:14-CV-326-L, 2014 WL 4055356, at *4 (N.D. Tex. Aug. 14, 2014) (when denying the plaintiff's motion to remand because of the plaintiff's failure to state a claim against the non-diverse adjuster defendant, the court examined the allegations of the plaintiff's amended petition in the context of Rule 91a and concluded the adjuster was improperly joined); *Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-575-B, 2014 WL 3855238, at *9 (N.D. Tex. Aug. 5,

---

[1] *See also Gonzales v. Homeland Ins. Co. of New York*, Civ. A. No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. March 25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (S.D. Tex. March 16, 2001).

2014) (noting the applicable Texas "fair notice" pleading standard as informed by the new Rule 91a).

14.    As explained by Judge McBryde in *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014), Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as that rule was interpreted and applied by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[2]  As a result, in *Plascencia,* the Court confirmed that "Texas pleading standards have essentially been brought into line with federal standards, and that it is appropriate for the court to make its ruling on the basis of the case law applicable to the federal standards."[3]

15.    J.S. Held is a loss and construction consulting firm retained to provide a construction analysis of the claimed property damage that is the subject of this suit. Haag Engineering is a forensic engineering and consulting firm retained to provide an engineering analysis of the claimed property damage.  Jenner is the individual engineer with Haag Engineering who was assigned to this project.  In their Second Amended Petition, Plaintiffs state causes of action against J.S. Held, Haag Engineering, and Jenner for violations of Chapters 541 and 542 of the Texas Insurance Code, common law bad faith, violations of the Deceptive Trade Practices and Consumer Protection Act ("DTPA"), tortious interference, conspiracy, fraudulent

---

[2] *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014); *see also Davis v. Metropolitan Lloyds Ins. Co. of Tex.,* No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015).

[3] *Id.  See also Bart Turner & Assoc. v. Krenke,* No. 3:13-cv-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014) (Lindsay, S.) (finding "fair notice" must now be judged in the context of Rule 91a."); *Sazy v. Depuy Spine, Inc*., No. 3:13-CV-4379-L, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014) (the court held reference to the new Texas Rule 91a that "[t]his new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6)").

misrepresentation, fraudulent inducement, and breach of fiduciary duty. *See* Plaintiffs' Second Amended Petition ¶¶ 20-39.

16. Plaintiffs have failed to state a claim against Defendants J.S. Held, Haag Engineering, and Jenner because they failed to offer any specific facts in support of their claims to make the "factual fit between (the) allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Plaintiffs' conclusory allegations are merely a recitation of or reference to the statutory language from Texas Insurance Code, DTPA, and common law elements of various causes of action. They contain no reference to any substantive material facts to which these causes of action should apply. Regurgitating statutory language is not the same as pleading actionable facts. Plaintiffs' failure to mention any actionable facts related to the conduct of Defendants J.S. Held, Haag Engineering, and Jenner constitutes a failure to state a claim and results in improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at \*3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

      **i.**      **Plaintiffs' Breach of Fiduciary Duty, Common Law Bad Faith, Tortious Interference, and DTPA Causes of Action Are Not Viable.**

17. Plaintiffs' may not recover against J.S. Held, Haag Engineering, or Jenner for alleged breach of fiduciary duty, common law bad faith, tortious interference, or violations of the DTPA because Plaintiffs did not have a special relationship with these Defendants through contractual privity. An insured's bad faith claims against an independent adjuster or its agents who are not in privity of contract with the insured cannot be sustained, as the duty of good faith and fair dealing created by an insurance policy emanates from the special relationship that exists

between an insurer and its insured. *See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 698 (Tex. 1994). Subsequent Texas cases apply this logic to other claims asserted by an insured against an insurer's agents or contractors for claims handling services, concluding that an insurer's independent adjusting firm and its agents cannot be liable to an insured for tortious interference or DTPA violations due to the lack of a special relationship between the parties. *See Dagley v. Haag Eng'g Co.,* 18 S.W.3d 787, 794 (Tex. App.--Houston [14th Dist.] 2000, no pet.). "([A]bsent a special relationship, Haag cannot be held liable for tortious interference."); *See id* at 792. ("[I]n the absence of a special relationship, Haag cannot be liable under the DTPA for its alleged improper investigation of appellants' claims."). Because the policy created no "special relationship" between Plaintiffs and J.S. Held, Haag Engineering, or Jenner, Plaintiffs may not recover against these Defendants for alleged bad faith, tortious interference, or DTPA violations. Finally, since there is no legal relationship between Plaintiffs and Haag Engineering, J.S. Held, or Jenner through privity of contract or by any other means, Plaintiffs may not recover against these Defendants for breach of fiduciary duty. *See Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 623 (Tex. App--Houston [1st Dist.] 1993, writ denied) ("The term 'fiduciary relationship' means 'legal relations between parties created by law or by the nature of the contract between them where equity implies confidence and reliance.") citing *Peckham v. Johnson*, 98 S.W.2d 408, 416 (Tex. App.—Fort Worth 1936), *aff'd sub nom.*, 132 Tex. 148, 120 S.W.2d 786 (1938).

  **ii.** **Plaintiffs' Texas Insurance Code Causes of Action are Not Viable.**

  18. Plaintiffs may not recover against J.S. Held, Haag Engineering, or Jenner for alleged violations of the Texas Insurance Code, as they do not qualify as entities engaged in the business of insurance. An action under the Texas Insurance Code may only be maintained against an entity "engaged in the business of insurance." TEX. INS. CODE § 541.002 (2). J.S.

Held, Haag, and Jenner were retained to provide construction consulting and engineering services pertaining to the subject claim. However, J.S. Held, Haag Engineering, and Jenner did not (1) participate in the sale or servicing of the policy, (2) make any representations regarding the coverage of the policies, or (3) adjust any claims. *See Dagley*, 18 S.W.3d at 792. Therefore, it cannot be said that these Defendants engaged in the business of insurance. *See Dagley*, 18 S.W. at 792. ("As an independent firm hired to provide engineering services, it cannot be said that Haag is engaged in the business of insurance."). Plaintiffs may not recover against them for violations of Chapter 541 and Chapter 542 of the Texas Insurance Code.

      **iii.    Plaintiffs' Fraud Causes of Action are Not Viable.**

    19.    Plaintiffs may not recover against J.S. Held, Haag Engineering, or Jenner for fraud, as Texas law does not recognize causes of action for fraud in regard to the subject matter of an insurance contract. *See Northwinds Abatement v. Employers Ins. of Wausau*, 258 F.3d 345, 352 (5th Cir. 2001). For an action to sound in fraud, a defendant's fraudulent conduct must give rise to liability independent of the insurance contract. *Id.* Otherwise, allegations of fraud in regard to the subject matter of an insurance policy are subsumed into the breach of contract cause of action, for which Plaintiffs can only seek recovery against Seneca. *See id.* Plaintiffs seem to assert a fraud theory against J.S. Held, Haag Engineering, and Jenner because they disagree with the conclusions which Seneca relied upon in taking its coverage position under the insurance policy. Thus, the claims asserted by Plaintiffs against J.S. Held, Haag Engineering, and Jenner for fraud are clearly in regard to the subject matter of the insurance policy. Since Plaintiffs do not allege any facts that give rise to liability independent of the insurance contract, the fraud claims are subsumed into the breach of contract action and are moot as a matter of law.

20. Additionally, Plaintiffs' fraudulent misrepresentation and fraudulent inducement claims against J.S. Held, Haag Engineering, and Jenner fail under Federal Rule 9(b). Federal Rule of Civil Procedure 9(b) requires a party to state "with particularity" the circumstances constituting fraud or mistake. "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Plaintiffs' Amended Petition does not specify these required factual allegations. Further, "Although the language of Rule 9(b) confines its requirements to claims of fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."[4] Specifically, "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Id.* at 742*; see also Williams*, 112 F.3d at 177-78; *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013). Therefore, Plaintiffs' has failed to state a claim against J.S. Held, Haag Engineering, and Jenner for fraudulent misrepresentation and fraudulent inducement under Rule 9(b).

    **iv.**    **Plaintiffs' Conspiracy Cause of Action is Not Viable.**

21. Plaintiffs may not recover against J.S. Held, Haag Engineering, or Jenner for conspiracy. Civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose by unlawful means. *See Operation Rescue-Nat'l v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 975 S.W.2d 546, 553 (Tex. 1998). The elements of conspiracy are: (1) two or

---

[4] *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (citing *Toner v. Allstate Ins. Co.,* 821 F. Supp. 276, 283 (D. Del. 1993) (citations omitted)); *see also Frota v. Prudential-Bache Securities, Inc.,* 639 F. Supp. 1186, 1193 (S.D.N.Y. 1986) ("Rule 9(b) extends to all averments of fraud, whatever may be the theory of legal duty-statutory, common law, tort contractual, or fiduciary.").

more persons, (2) an object to be accomplished, (3) a meeting of minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages. *See id.* For liability to attach, there must be an unlawful, overt act in furtherance of the conspiracy. *See Dagley*, 18 S.W.3d at 795. Plaintiffs have failed to assert how J.S. Held, Haag Engineering, or Jenner committed such an act. J.S. Held, Haag Engineering, and Jenner were hired to provide an analysis of the reported damage to the subject property. The act of submitting a report with an analysis of the reported damage to an insured's property is not an unlawful, overt act to support a conspiracy. *See id.*[5] Therefore, the conspiracy claims is not viable.

### v. Plaintiffs' Failed to Allege Recoverable Damages.

22. Finally, Plaintiffs have failed to allege any recoverable damages against J.S. Held, Haag Engineering, and Jenner. Plaintiffs do not allege that these Defendants were a party to the insurance contract or that they breached the contract. Accordingly, all of the claims against J.S. Held, Haag Engineering, and R. Keans Jenner must be extracontractual in nature. In order to recover on their extracontractual claims alleged against these Defendants, Plaintiffs must, therefore, plead and prove damages that are independent of the benefits of the insurance policy. *Provident American Ins. Co. v. Castaneda,* 988 S.W.2d 189, 198–99 (Tex. 1998). The Fifth Circuit recognizes that "[t]here can be no recovery for mishandling claims unless the complained of acts or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *Parkans Int'l v. L.L.C. v. Zurich Ins.*, 299 F.3d 514, 519 (5th Cir. 2002). Here, all of the damages claimed by Plaintiffs in this lawsuit stem from the alleged wrongful denial of policy benefits. As such, the damages are insufficient to sustain the extracontractual claims against J.S. Held, Haag Engineering, and Jenner.

---

[5] *See also Medistar Twelve Oaks Partners*, 2010 WL 1996596, at *11 (S.D. Tex. May 17, 2010) ("We cannot conclude that submitting a report to State Farm with the conclusion that there was no hail storm damage to appellants' home is an unlawful, overt act to support a conspiracy.").

23. In sum, Plaintiffs cannot recover against Defendants J.S. Held, Haag Engineering, and Jenner for any of the asserted causes of action. Accordingly, Defendant J.S. Held, Haag Engineering, and Jenner were improperly joined in this action, and this case is properly removed because J.S. Held, Haag Engineering, and Jenner should not be considered for diversity of citizenship purposes.

**C.     The Amount in Controversy Exceeds the Jurisdictional Requirements for Diversity Jurisdiction.**

24. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiffs state in Plaintiffs' Amended Petition that they seek damages in excess of $1,000,000. *See* Plaintiffs' Second Amended Petition, ¶ 11.

25. Additionally, the building coverage limits under the insurance policy for the two properties that are the subject of this suit are $6,480,000 and $800,000. *See* Plaintiffs' Second Amended Original Petition, ¶13. The Court may consider policy limits in its analysis of the amount in controversy. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

26. For these reasons, the amount in controversy exceeds the jurisdictional removal requirement of $75,000.

*The Removal is Procedurally Correct*

27. Seneca was first served with notice of this lawsuit on April 27, 2015. Seneca filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

28. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the county in which the state action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claim allegedly occurred in this district and division.

29. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

30. Pursuant to 28 U.S.C. §1446(d), promptly after Seneca files this Notice, written notice of the filing will be given to Plaintiffs.

31. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Dallas County, promptly after Seneca files this Notice.

32. Because Defendants J.S. Held, Haag Engineering, and Jenner are improperly joined as defendants in this action, their consent is not needed to comply with 28 U.S.C. § 1446(b). *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Bedford Internet Office Space, LLC v. Travelers Cas. Ins. Co*., 2013 WL 3283719, at *2 (N.D. Tex. June 28, 2013).

33. Plaintiffs seek a jury trial.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ James N. Isbell*
James N. Isbell
Attorney-in-Charge
Bar No. 10431900
jisbell@thompsoncoe.com
Cyrus W. Haralson
Bar No. 24065371
charalson@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

Lindsey Shine Lawrence
Of Counsel
Bar No. 24053681
llawrence@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT**
**SENECA INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 27th day of May, 2015, a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure upon the counsel listed below

Linda M. Dedman
Scott G. Ball
DEDMAN LAW, PLLC
10440 N. Central Expressway
Suite 1010
Dallas, Texas 75231
**ATTORNEYS FOR PLAINTIFFS**

James L Sowder
Thompson Coe Cousins & Irons
Plaza of the Americas
700 N Pearl Street, 25th Floor
Dallas, Texas 75201
**ATTORNEY FOR DEFENDANTS**
**HAAG ENGINEERING CO. AND R. KEAN JENNER**

c/o William D. Cobb, Jr.
Michael C. Smith
Cobb Martinez Woodward PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
**ATTORNEYS FOR DEFENDANT J.S. HELD, INC.**

                                            */s/ James N. Isbell*
                                              JAMES N. ISBELL