Case 3:15-cv-01837-L   Document 1-3   Filed 05/27/15   Page 1 of 10   PageID 18

FILED
2/19/2015 1:52:08 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. _____

| | | |
|---|---|---|
| **RONALD E. COHEN, MORBEN REALTY CO., INC., RONCO REALTY, And MATCO,** | § § § § | **IN THE COUNTY COURT** |
| *Plaintiffs,* | § § § | |
| **V.** | § § § § | **AT LAW NO. _____** |
| **SENECA INSURANCE COMPANY, INC., J.S. HELD, INC., HAAG ENGINEERING CO., and R. KEAN JENNER,** | § § § § § § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

RONALD E. COHEN, MORBEN REALTY CO., RONCO REALTY and MATCO, Plaintiffs in the above-entitled and numbered cause, files this its Original Petition against Seneca Insurance Company, Inc., J.S. Held, Inc., Haag Engineering Co., and R. Kean Jenner, Defendants, and would respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN – LEVEL 3

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan Level 3.

### II.
### PARTIES

2. Plaintiff RONALD E. COHEN is an individual residing in Dallas County, Texas, and is a named insured under the policies in question.

3. Plaintiff MORBEN REALTY CO., INC., is a Texas corporation doing business in

Dallas County, Texas and is a named insured under the policies in question.

4. Plaintiff RONCO REALTY is a Texas organization corporation doing business in Dallas County, Texas and is a named insured under the policies in question.

5. Plaintiff MATCO is a Texas organization doing business in Dallas County, Texas and is a named insured under the policies in question.

6. Defendant SENECA INSURANCE COMPANY, INC. ("Seneca") is a foreign insurance company doing business in the State of Texas and may be served with process by certified mail, return receipt requested, served upon its registered agent for the service of process:

> Mr. James Isbell
> 1 Riverway Ste. 1600
> Houston, TX 77056-1934

7. Defendant J.S. HELD, INC. ("Held") is a Texas corporation having its principal office in Dallas County, Texas, and may be served with process by certified mail, return receipt requested, upon its registered agent for the service of process:

> Mr. Jeromy Fielder
> 13720 Midway Road, Ste. 106
> Dallas, TX 75244

8. Defendant HAAG ENGINEERING CO. ("Haag") is a Texas corporation having its principal office in Dallas County, Texas, and may be served with process by certified mail, return receipt requested, upon its registered agent for the service of process:

> Mr. James L. Sowder
> 700 N. Pearl St., Ste. 2500
> Dallas, TX 75201

9. Defendant R. KEAN JENNER ("Jenner") is a Texas licensed professional engineer, a Texas resident, and may be served with process by certified mail, return receipt requested, at his business address or wherever he may be found:

Mr. R. Kean Jenner
4949 West Royal Lane
Irving, TX 75063

## III.
## JURISDICTION AND VENUE

10. This Court has jurisdiction over this lawsuit, as the damages sought by the Plaintiffs are within the jurisdictional limits of the Court.

11. The Plaintiffs seek monetary relief over $1,000,000.

12. The Venue is proper in Dallas County, Texas pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code because the real properties that make the subject matter of this claim are located in Dallas County, Texas and all or a substantial part of the events or omissions occurred in Dallas County, Texas, as it was the location where the parties entered into an insurance contract.

## IV.
## FACTUAL BACKGROUND

13. Plaintiffs are the owners of a two commercial properties (collectively, the "Properties") located at 2021 N. Town East Blvd., Mesquite, Dallas County, Texas (hereinafter referred to as "Town East") and 4901 Ross Ave., Dallas, Dallas County, Texas (hereinafter referred to as "Ross Ave.").

14. Seneca issued a commercial property policies of insurance No. CMP4800156, effective December 01, 2011 to December 01, 2013 (the "Policies") covering the Properties. During all relevant times herein the Policies was in full force and effect, including the time that the Properties were damaged by a severe wind and hailstorm. The Town East property was damaged on or about April 3, 2012; the Ross Ave. property was damaged on or about March 9, 2013 (collectively referred to as the "Loss"). Seneca was duly notified of the Loss in compliance

with the Policies. The Plaintiffs have complied with all conditions precedent for recovery under the Policies as a result of the Loss.

15. Defendants Held and Haag, as insurance adjusters and consultants, were hired by Seneca to measure, document, estimate and adjust the damage to the roofs of the Properties. Haag assigned its employee and/or agent Defendant Jenner to measure, document and adjust the claim. Jenner is a Texas licensed professional engineer engaged in the business of adjusting insurance claims in the State of Texas.

16. Defendant Jenner traveled to the Properties, but failed and refused to conduct a thorough inspection. At the Ross Ave. location, Jenner found a "large number of small bare spots" on the roof, but attributed them to the "caustic effects of pigeon droppings." At the Town East location, Jenner found "a large number of circular chips," but attributed them to hail events that occurred "a long time ago." In making this determination, Jenner noted a "modest number of bruises" in the roof membrane. Defendant Haag had, however, inspected the same roof in 2011 and found "no evidence of any hailfall, old or new, with hailstones sufficient to bruise" the roofing material.

17. The Defendants, jointly and severally, made a coverage determination that the hail damage was not covered and failed and refused to provide coverage for the Plaintiffs for the Loss. The Defendants' failure to provide coverage under the terms of the Policies in question is a breach of the Policies, and violates the Texas Insurance Code and the Unfair Claims Settlement Practices Act.

## V.
## CAUSES OF ACTION

### Breach Of Contract - Seneca

18. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

19. Seneca's failure and refusal, as described above, to pay the contractual and required compensation it is obligated to pay under the terms of the Policies and under the laws of the State of Texas constitutes a breach of the insurance contract with the Plaintiffs.

### Violation of Chapter 541 of the Texas Insurance Code

20. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

21. Notice letters were sent to the Defendants. If this dispute remains unresolved, the Plaintiffs reserve the right to amend their petition to include a violation of Chapter 541 of the Texas Insurance Code cause of action.

### Violation of Chapter 542 of the Texas Insurance Code

22. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

23. The Defendants, jointly and singularly, violated Chapter 542 of the Texas Insurance Code, in one or more of the following particulars:

**§ 542.055.  Receipt of Notice of Claim**

- Failing to—not later than the 15th day after the date Defendants received notice of a claim:
  (1) acknowledge receipt of the claim;
  (2) commence any investigation of the claim; and
  (3) request from the insureds all items, statements, and forms that Defendants reasonably believed, at that time, would be required from the insureds.[1]

**§ 542.056.  Notice of Acceptance or Rejection of a Claim**

- Failing to notify the insureds in writing of the acceptance or rejection of a claim not later than the 15th business day after the date Defendants received all items, statements, and forms required by the insurer to secure final proof of loss;[2]

---

[1] Tex. Ins. Code § 542.055 Receipt of Notice of Claim (a)(1)-(3).; (b) "An insurer may make additional requests for information if during the investigation of the claim the additional requests are necessary."

[2] Tex. Ins. Code § 542.056 Notice of Acceptance or Rejection of Claim (a); "(c) If the insurer rejects the claim, the notice required by Subsection (a) or (b) must state the reasons for the rejection. (d) If the insurer is unable to accept or reject the claim within the period specified by Subsection (a) or (b), the insurer, within that same period, shall

**§ 542.058.  Delay in Payment of a Claim**

- Failing to make payment of a claim for a period exceeding 60 days after the insurer received all items, statements, and forms reasonably requested and required under Section 542.055;[3]

24.    As a result of the Defendants' failure to promptly pay the Claim, accept the Claim, reject the Claim, or timely request the items it knew or should have known it would need to adjust the Claim under Sections 542.055, 542.056, and 542.058, the Defendants have violated Section 542.060 of the Texas Insurance Code, for which the Plaintiffs sue for damages consisting of eighteen percent (18%) per annum of the amount of the Claim for the applicable period. The remedies provided therein are in addition to any and all other remedies or procedures provided by any other law or common law.

25.    As a result of the Defendants' violations, the Plaintiffs are entitled to recover their attorneys' fees for the undersigned counsel, which are taxed as part of the costs in this case as provided by Section 542.060(b) of the Texas Insurance Code.

### Common Law Bad Faith

26.    The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

27.    The Policy created a duty of good faith and fair dealing between the Defendants and the Plaintiffs. Defendants breached their duty of good faith and fair dealing by unilaterally and without notice modifying and/or allegedly modifying the terms and/or endorsements contained in said Policies.

### Deceptive Trade Practices

28.    The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

---

notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection."
[3] Tex. Ins. Code § 542.058(a).

29. Notice letters have been sent to the Defendants. If this dispute remains unresolved, the Plaintiffs reserve their right to amend to include a Deceptive Trade Practices cause of action.

### Tortious Interference – Haag, Held & Jenner

30. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

31. The Plaintiffs would show that it had a contract for insurance with Seneca. Defendant Haag, Held, and Jenner, jointly and severally, engaged in one or more willful and/or intentional acts of interference with said contract, which said acts of interference were a proximate cause of the Plaintiffs' damages herein pled.

### Conspiracy

32. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth here.

33. The Plaintiffs would show that it had a contract for insurance with Seneca. The Defendants conspired to engage in one or more acts and/or practices to accomplish an unlawful purpose or a lawful purpose by unlawful means which said acts and/or practices were a proximate cause of the Plaintiffs' damage as herein plead.

### Fraudulent Misrepresentation

34. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

35. The Plaintiffs would show that Defendants, jointly or severally, made false material representations regarding the terms and benefits of the policy of insurance sold to the Plaintiffs. Said representations were made knowingly and/or recklessly to the detriment of the Plaintiffs. Said fraudulent conduct of Defendants was the proximate cause of the Plaintiffs' damages as hereinafter plead.

### Fraudulent Inducement

36. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

37. The Plaintiffs would show that Defendants, jointly or severally, made false, material representations regarding the terms and benefits of the policy of insurance sold to the Plaintiffs. Said representations induced the Plaintiffs to enter into a contract for insurance, which they otherwise would not have entered, but for these misrepresentations. Said representations were made knowingly and/or recklessly to the detriment of the Plaintiffs. Said fraudulent inducement by the Defendants was the proximate cause of the Plaintiffs' damages as hereinafter plead.

### Breach of Fiduciary Duty

38. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

39. The Plaintiffs would show that they had a fiduciary relationship with the Defendants by nature of their relationship, and that said Defendants jointly, and/or singularly, breached their fiduciary duty to the Plaintiffs to the benefit of the Defendants and was a proximate and/or producing cause of the Plaintiffs' damage as herein plead.

## VI.
## DAMAGES

40. The Plaintiffs adopt the preceding paragraphs as if fully set forth herein.

41. The Defendants' breach and wrongful conduct has been the proximate and/or producing cause of the Plaintiffs' damages. The Plaintiffs seek insurance policy proceeds for the covered claim under the Policy, including the actual full replacement cost of the destroyed insured property, including building permit, code upgrades, demolition and removal, plus loss of rents and lost profits, an amount that exceeds $1,000,000.00. The Defendants also acted fraudulently, maliciously, or with gross negligence, as those terms are defined under chapter 41 of the Civil Practice and Remedies Code, thus supporting an award of exemplary damages.

42. The Plaintiffs would further show that the Defendants, after receiving all reasonably requested items, statements and forms, delayed payment on the claim in excess of sixty (60) days. Pursuant to Chapter 542 of the Texas Insurance Code, the Plaintiffs are entitled to recover interest at a rate of eighteen percent (18%) per year on the wrongfully withheld benefits.

43. The Plaintiffs are entitled to recover their reasonable attorneys' fees as permitted by Chapter 38 of the Texas Civil Practices and Remedies Code, Tex. Ins. Code §§ 541.152 & 542.060, and/or Tex. Civ. Prac. & Rem. Code §17.506(d)(2).

44. The Plaintiffs are entitled to, and hereby requests, pre-judgment and post-judgment interest at the highest allowable rate, as well as costs of court as allowed by Texas law.

45. The Plaintiffs are entitled to and requests such other compensation as is just and which is permitted by law or equity.

46. To prosecute its causes of action, the Plaintiffs have retained the services of the undersigned Linda M. Dedman, attorney-at-law, and Dedman Law, P.L.L.C. The Plaintiffs seek to recover their reasonable attorneys' fees and costs, as authorized by Tex. Civ. Prac. & Rem. Code Ann. § 38.001; Tex. Bus. & Com. Code Ann. § 17.50(d); and Tex. Ins. Code Ann. §§ 541.152, 542.060.

## VII.
## JURY DEMAND

47. The Plaintiffs request a jury trial on all allegations and causes of action set forth herein as allowed by Texas law.

## VIII.
## RULE 194 REQUESTS FOR DISCLOSURE TO DEFENDANTS

48. Pursuant to Rule 194, all Defendants are requested to disclose the information or material described in Rule 194.2(a) – (l) to Plaintiffs within the time limits prescribed by said rule.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that the Defendants be cited to appear and answer herein and upon trial hereof, the Plaintiffs have and recover judgment over and against the Defendants for actual and statutory damages, exemplary damages, attorneys' fees, all costs of court, pre and post judgment interest at the appropriate allowable rates and for any and all other relief at law and in equity to which Plaintiffs may show themselves to be justly entitled.

RESPECTFULLY SUBMITTED,
**DEDMAN LAW, PLLC**

By: /s/ Scott G. Ball

    Linda M. Dedman
    State Bar No. 24007098
    ldedman@coveragelawdallas.com
    Scott G. Ball
    State Bar No. 01639050
    sball@coveragelawdallas.com
    10440 N. Central Expressway
    Suite 1010
    Dallas, Texas 75231
    (214) 361-8885 (telephone)
    (214) 363-4902 (facsimile)
**ATTORNEYS FOR PLAINTIFFS**