IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD E. COHEN; MORBEN REALTY CO., INC.; RONCO REALTY; and MATCO, | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.:3:15-CV-1837-L |
| | * | |
| SENECA INSURANCE COMPANY; J.S. HELD, INC.; HAAG ENGINEERING, CO.; and R. KEAN JENNER, | * | |
| Defendants. | * | |

**JOINT STATUS REPORT**

Plaintiffs Ronald E. Cohen, Morben Realty Co., Inc., Ronco Realty, and Matco, ("Plaintiffs") and Defendants Seneca Insurance Company ("Seneca"), J.S. Held, Inc. ("J.S. Held"), Haag Engineering Co. ("Haag") and R. Kean Jenner ("Jenner") file this Joint Status Report in accordance with the Court's March 8, 2016 *Order Requiring Attorney Conference and Status Report* [Docket Entry No. 14] and would the Court as follows:

**(1) A brief statement of the nature of the case, including the contentions of the parties.**

This lawsuit involves an insurance coverage dispute regarding alleged property damage to two commercial properties, respectively located at 2021 N. Town East Blvd., Mesquite, Texas, and 4901 Ross Avenue, Dallas, Texas. The Town East property was allegedly damaged by a storm on or about April 3, 2012. The Ross Avenue property was allegedly damaged by a storm on or about March 9, 2013. Both properties are insured by a commercial property insurance policy issued by Seneca.

Plaintiffs claim that hail damaged both properties and that "the Defendants, jointly and severally, made a coverage determination that the hail damage was not covered and failed and refused to provide coverage" for the respective losses. Plaintiffs allege that Seneca hired J.S. Held and Haag Engineering "as insurance adjusters and consultants" to measure, document, estimate and adjust the damage to the roofs. Plaintiffs also allege that Haag assigned its employee Jenner, a licensed professional engineer, to measure, document and adjust the claim, and further alleges that Jenner is "engaged in the business of adjusting insurance claims in the State of Texas." Plaintiffs allege that Jenner traveled to the properties "but failed and refused to conduct a thorough inspection" and concluded that spots on the respective roofs were either not caused by hail or were caused a long time ago and not caused by hail from the 2012 storm. Plaintiffs further allege that Haag Engineering had, however, inspected the same Town East property roof in 2011 and found "no evidence of any hailfall, old or new, with hailstones sufficient to bruise" the roofing material.

As a result, Plaintiffs filed suit in the County Court at Law No. 1, Dallas County, Texas, alleging causes of action against the named defendants for breach of contract (against Seneca only); violations of Chapters 541 and 542 of the Texas Insurance Code; breach of the common law duty of good faith and fair dealing; violations of the Texas Deceptive Trade Practices Act; tortious interference (against Haag, J.S. Held and Jenner); conspiracy; fraudulent misrepresentation; fraudulent inducement; and breach of fiduciary duty. Plaintiffs allege as damage the insurance policy proceeds for the covered claims, "including the actual full replacement cost of the destroyed insured property, including building permit, code upgrades, demolition and removal, plus loss of rents and lost profits" in an amount that exceeds $1,000,000. Plaintiffs allege "the Defendants also acted fraudulently, maliciously, or with gross negligence" and seek exemplary. Plaintiffs also seek to recover the 18% penalty interest under Chapter 542 of the Texas Insurance Code, their attorneys' fees, and pre- and post-judgment interest.

On May 27, 2015, Seneca removed the case to this court based on the alleged fraudulent joinder of the Defendants J.S. Held, Inc., Haag Engineering Co., and R. Kean Jenner. Seneca maintains that J.S. Held is a loss and construction consulting firm that was retained to provide a construction analysis of the claimed property damage. Seneca further maintains that Haag Engineering is a forensic engineering and consulting firm retained to provide an engineering analysis of the claimed property damage and that Jenner is an individual engineer with Haag who was assigned by Haag to this project. Seneca denies liability under each and every cause of action asserted.

J.S. Held maintains that Plaintiffs have erroneously alleged that J.S. Held was hired on this claim as the "insurance adjuster." J.S. Held was hired as a consultant on behalf of Seneca and is not an insurance adjusting firm, did not adjust the insurance claims, and is not a "person engaged in the business of insurance in Texas." Accordingly, J.S. Held contends that is has no liability under the Texas Insurance Code. J.S. Held also contends that it has no liability as a matter of law for: (i) any alleged violation of Texas Insurance Code Chapter 542 because that statute applies only to insurers; and (ii) breach of the common law duty of good faith and fair dealing, which is a duty owed only by insurance carriers to insureds and is a non-delegable duty. J.S. Held denies liability under each and every cause of action asserted, as it has no privity with Plaintiffs; provided no "goods" or "services" to Plaintiff; was retained as an agent of Seneca and could not have tortiously interfered with Seneca's contract with Plaintiffs; engaged in no unlawful or overt conduct in furtherance of a conspiracy and had no meeting of the minds to engage in any alleged conspiracy; made no false representations to Plaintiffs about their insurance claim, about their insurance policy or coverage, or to induce them to enter into the insurance contract; and had no fiduciary relationship with Plaintiffs. J.S. Held also denies that its alleged conduct has caused Plaintiffs any injury independent of their claim for the recovery of insurance proceeds or has, in any way, caused or contributed to causing Plaintiffs' alleged damages. J.S. Held also asserted other various affirmative defenses in its state court answer.

Haag Engineering Company and Jenner maintain that Plaintiffs have erroneously alleged that Haag and Jenner acted as insurance adjusters or otherwise are "persons engaged in the business of insurance" in Texas. Haag was hired as an engineering consultant on behalf of Seneca. Haag assigned Jenner as a licensed engineer to assist Seneca. Neither Haag nor Jenner is an insurance adjusting firm or insurance adjuster, and neither adjusted the insurance claims. Accordingly, Haag and Jenner deny that they have any liability under the Texas Insurance Code. Haag and Jenner also contend that they have no liability as a matter of law for: (i) any alleged violation of Texas

Insurance Code Chapter 542 because that statute applies only to insurers; and (ii) breach of the common law duty of good faith and fair dealing, which is a duty owed only by insurance carriers to insureds and is a non-delegable duty. Haag and Jenner deny liability under each and every cause of action asserted, as neither had any privity with Plaintiffs; provided no "goods" or "services" to Plaintiff; were retained as agents of Seneca and could not have tortiously interfered with Seneca's contract with Plaintiffs; engaged in no unlawful or overt conduct in furtherance of a conspiracy and had no meeting of the minds to engage in any alleged conspiracy; made no false representations to Plaintiffs about their insurance claim, about their insurance policy or coverage, or to induce them to enter into the insurance contract; and had no fiduciary relationship with Plaintiffs. Haag and Jenner also deny that their alleged conduct has caused Plaintiffs any injury independent of their claim for the recovery of insurance proceeds or has, in any way, caused or contributed to causing Plaintiffs' alleged damages. Haag and Jenner also asserted other various affirmative defenses in their respective state court answers.

**(2) Any challenges to jurisdiction or venue.**

Plaintiffs originally filed this lawsuit on February 19, 2015 in state court in the County Court at Law No. 1, Dallas County, Texas. Plaintiffs filed their First Amended Petition on April 21, 2015. On May 27, 2015, Defendant Seneca Insurance Company, Inc. removed this lawsuit to federal court on the basis of diversity jurisdiction, arguing that the other named defendants were improperly joined. Plaintiffs disagree with Defendant Seneca's basis for removal and filed their Motion to Remand on June 25, 2015. Both Plaintiffs and Seneca filed additional briefing in July 2015.

**(3) Any pending or contemplated motions and proposed time limits for filing motions.**

Plaintiffs' Motion to Remand is currently pending before the Court. If the Court denies Plaintiffs' Motion to Remand, all Defendants may file their respective 12(b) motions, if any. The timing of any 12(b) motions will depend on the scope of the Court's order on the Motion to Remand, including whether the Court orders Plaintiff to file an amended Complaint. Further, all defendants anticipate filing motions for summary judgment. At this time, Plaintiffs have not determined if they would file any dispositive motions. The Parties request a deadline for filing motions for summary judgment <u>twelve months</u> after the Court's ruling on Plaintiffs' Motion to Remand.

**(4) Any matters which require a conference with the court.**

None at this time.

**(5) Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

At this time, the Defendants do not anticipate joining additional parties, but Plaintiffs may upon receipt of Defendant Seneca's claim file. The Parties believe that <u>three months</u> after the Court's ruling on the Motion to Remand is a reasonable deadline for joining other parties. As for amending pleadings, the Parties request a pleading deadline for Plaintiffs of <u>eight months</u> after the Court's ruling on the Motion to Remand, and a pleading deadline for Defendants of <u>nine months</u> after the Court's ruling on the Motion to Remand.

**(6) (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery. If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

The Parties estimate that they will need thirteen months after the Court's ruling on the Motion to Remand to complete fact and expert witness discovery. The lawsuit involves multiple insureds, two separate properties, two separate insurance claims and numerous witnesses for each claim. The Parties anticipate serving written discovery (interrogatories, requests for production, and requests for admissions). The Parties also anticipate that depositions on written questions and other non-party discovery may be necessary. The Parties anticipate taking approximately 10-12 party and fact witness depositions and approximately 4-5 expert witness depositions.

The Parties also agree that any discovery conducted in this federal action will be treated as if it were conducted in the state court matter in the event the Court remands this matter to state court.

The Parties agree to exchange Initial Disclosures no later than April 14, 2016.

The Parties propose a fact and expert discovery deadline of thirteen months after the Court's ruling on the Motion to Remand

**(7) A statement that counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

All counsel have read the *Dondi* decision and have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan.

**(8) Requested trial date, estimated length of trial, and whether a jury has been demanded.**

Plaintiffs requested a jury trial in their original state-court pleading.

The Parties request a trial date fifteen months after the Court's ruling on the Motion to Remand. The Parties anticipate a trial may last nine days.

**(9) Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge David L. Horan per 28 U.S.C. § 636(c). The parties are to simply state that they consent or do not consent to trial before the magistrate judge. The court does not wish to know the identity of the party refusing to consent. *See* Fed. R. Civ. P. 73(b).**

The Parties do not consent to a trial by Magistrate Judge David L. Horan.

**(10) Prospects for settlement, and status of any settlement negotiations.**

At this time, the Parties have not engaged in any settlement negotiations. However, the Parties have agreed that formal mediation should be conducted once the Parties have sufficient discovery to assess their claims and defenses.

**(11) Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

If the Parties cannot reach resolution through informal negotiations, the Parties agree that formal mediation should be conducted once they have sufficient discovery to assess their claims and defenses. The Parties have agreed to use Ross Stoddard as a mediator. The Parties would suggest a mediation deadline of thirteen months after the Court's ruling on the Motion to Remand but will endeavor to mediate the case as soon as the Parties deem appropriate.

**(12) Any of matters relevant to the status and disposition of this case.**

The Parties have agreed and request that deposition on written questions will not count against the number of depositions permitted by the Federal Rules of Civil Procedure.

**(13) Proposed discovery plan.**

a. The Parties will exchange Initial Disclosures by April 14, 2016.

b. In addition to the proposed deadlines addressed above, the Parties request the following expert deadlines in compliance with Federal Rule of Civil Procedure 26(a)(2):

Plaintiffs believe they can designate experts by nine months after the Court's ruling on the Motion to Remand.

Defendants believe they can designate experts by ten months after the Court's ruling on the Motion to Remand.

c. The Parties also request a date to file any motions to strike or exclude experts, and request that such date is one month after the close of discovery.

Dated: April 7, 2016.

RESPECTFULLY SUBMITTED,

______________________________
SHANNON E. LOYD
Attorney-in-Charge
State Bar No. 24045706
THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Dr., Suite 201
San Antonio, Texas 78249
Telephone: (210) 775-1424
Facsimile: (210) 775-1410
shannon@theloydlawfirm.com

AND

/s/ Linda M. Dedman
______________________________
LINDA M. DEDMAN
State Bar No. 24007098
SCOTT G. BALL
State Bar No. 01639050
DEDMAN LAW, PLLC
10440 N. Central Expressway, Suite 1010
Dallas, Texas 75231
Telephone: (214) 361-8885
Facsimile: (214) 363-4902
ldedman@coveragelawdallas.com
sball@coveragelawdallas.com

**ATTORNEYS FOR PLAINTIFFS**

/s/ Cyrus W. Haralson

JAMES N. ISBELL
Attorney-in-Charge
State Bar No. 10431900
CYRUS W. HARALSON
State Bar No. 24065371
THOMPSON, COE, COUSINS & IRONS
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
jisbell@thompsoncoe.com
charalson@thompsoncoe.com

*~ and ~*

LINDSEY SHINE LAWRENCE
Of Counsel
State Bar No. 24053681
THOMPSON, COE, COUSINS & IRONS
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
llawrence@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT SENECA INSURANCE COMPANY**

/s/ Michael C. Smith

WILLIAM D. COBB, JR.
Attorney-in-Charge
State Bar No. 04444150
wcobb@cobbmartinez.com
MICHAEL C. SMITH
State Bar No. 24013533
msmith@cobbmartinez.com
COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Telephone: (214) 220-5201 (Cobb direct)
Facsimile: (214) 220-5251 (Cobb direct facsimile)

**ATTORNEYS FOR DEFENDANT**
**J.S. HELD, INC.**

/s/ James L. Sowder
______________________________
JAMES L. SOWDER
Attorney-in-Charge
State Bar No. 18863900
CHRIS GABRIEL
State Bar No. 24074237
THOMPSON, COE, COUSINS & IRONS
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
jsowder@thompsoncoe.com
cgabriel@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS HAAG ENGINEERING CO. and R. KEAN JENNER**