IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD E. COHEN, MORBEN REALTY, COMPANY, INC. RONCO REALTY, AND MATCO; | § | |
| *Plaintiff*, | § | |
| VS. | § | Civil Action No. 3:15-CV-1837-L |
| SENECA INSURANCE COMPANY, INC., J.S. HELD, INC., HAGG ENGINEERING COMPANY, R. KEAN JENNER, RICHARD CHAKA AND NICHOLAS CARLSON | § | |
| *Defendants*. | § | |

**PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE SAM A. LINDSAY:

RONALD E. COHEN, MORBEN REALTY CO., RONCO REALTY and MATCO, Plaintiffs in the above-entitled and numbered cause, file this their Third Amended Original Petition against SENECA INSURANCE COMPANY, INC., J.S. HELD, INC., HAAG ENGINEERING CO., R. KEAN JENNER, RICHARD CHAKA AND NICHOLAS CARLSON Defendants, and would respectfully show as follows:

**I.**
**DISCOVERY CONTROL PLAN – LEVEL 3**

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, this case should be governed according to Discovery Control Plan Level 3.

**II.**
**PARTIES**

2. Plaintiff RONALD E. COHEN is an individual residing in Dallas County, Texas,

and is a named insured under the policies in question.

3. Plaintiff MORBEN REALTY CO., INC., is a Texas corporation doing business in Dallas County, Texas and is a named insured under the policies in question.

4. Plaintiff RONCO REALTY is a Texas organization corporation doing business in Dallas County, Texas and is a named insured under the policies in question.

5. Plaintiff MATCO is a Texas organization doing business in Dallas County, Texas and is a named insured under the policies in question.

6. Defendant SENECA INSURANCE COMPANY, INC. ("Seneca") is a foreign insurance company doing business in the State of Texas and has already appeared and made answer herein.

7. Defendant J.S. HELD, INC. ("Held") is a Texas corporation having its principal office in Dallas County, Texas and has already appeared and made answer herein.

8. Defendant HAAG ENGINEERING CO. ("Haag") is a Texas corporation having its principal office in Dallas County, Texas and has already appeared and made answer herein.

9. Defendant R. KEAN JENNER ("Jenner") is a Texas licensed professional engineer, a Texas resident, and has already appeared and made answer herein.

10. Defendant RICHARD CHAKA ("Chaka") is a Texas resident and may be served at 13720 Midway Road, Suite 106, Dallas, Texas 75244. **Service is requested at this time.**

11. Defendant NICHOLAS CARLSON ("Carlson") is a Texas resident and may be served at 4004 Belt Line Rd., Suite 205, Addison, Texas 75001. **Service is requested at this time.**

## III.
## JURISDICTION AND VENUE

12. Because Defendants Chaka and Carlson are residents of Texas and because Defendant Jenner was not improperly joined, complete diversity does not exist in this case. Thus, the Court lacks subject matter jurisdiction. Jurisdiction is proper in Dallas County Court at Law No. 1, Dallas County.

13. The Plaintiffs seek monetary relief over $1,000,000.

14. The Venue is proper in Dallas County, Texas pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code because the real properties that make the subject matter of this claim are located in Dallas County, Texas and all or a substantial part of the events or omissions occurred in Dallas County, Texas, as it was the location where the parties entered into an insurance contract.

## IV.
## FACTUAL BACKGROUND

15. Plaintiffs are the owners of a two commercial properties (collectively, the "Properties") located at 2021 N. Town East Blvd., Mesquite, Dallas County, Texas (hereinafter referred to as "Town East") and 4901 Ross Ave., Dallas, Dallas County, Texas (hereinafter referred to as "Ross Ave.").

16. Seneca issued commercial property policies of insurance No. CMP4800156, effective December 01, 2011 to December 01, 2013 (the "Policies") covering the Properties. During all relevant times herein the Policies was in full force and effect, including the time that the Properties were damaged by severe wind and hailstorms. The Town East property was damaged on or about April 3, 2012; the Ross Ave. property was damaged on or about March 9, 2013 (collectively referred to as the "Loss"). Seneca was duly notified of the Loss in compliance

with the Policies. The Plaintiffs have complied with all conditions precedent for recovery under the Policies as a result of the Loss.

17. Defendants Held, Haag, Jenner, Chaka and Carlson were all hired by Defendant Seneca and all acted to adjust the claim, investigate the damages caused by the Loss and consult with Defendant Seneca on coverage. Seneca hired Defendants Held, Jenner, Chaka and Carlson to inspect the damages and measure, document, estimate and adjust the damage to the roofs of the Properties. Haag assigned its employee and/or agent Defendant Jenner to measure, document and adjust the claim. These Defendants were engaged in the business of adjusting insurance claims in the State of Texas. Defendant Seneca also hired its counsel of record in this case to assist in the claim investigation. Counsel for Seneca assisted in the claim investigation by taking the examination under oath of Plaintiffs' representative pursuant to the terms of the policy. Such testimony was utilized by Seneca in its decision to deny Plaintiffs' claim payment.

18. As part of the claim handling, Defendant Seneca directed Defendant Carlson, through his company, to adjust the loss by taking photos, diagraming the Plaintiffs' buildings, and scoping and estimating the damages. The same adjusting instructions, the "Independent Adjuster Assignment," was given to Defendant Chaka. Defendant Carlson then directed Defendant Chaka, through Defendant JS Held, to 1) investigate the loss scene and develop a scope of repairs necessary to restore the building back to its pre-loss condition, 2) determine if the roofing systems can be repaired or if replacement will be necessary, 3) provide report of findings and an estimate of repair, and 4) attended meetings with him as may be required. In sworn affidavit testimony, Defendant Chaka has described his handling of Plaintiffs' claim by conducting his investigation and estimating of the amounts of the Loss.

19. Defendant Jenner traveled to the Properties, but failed and refused to conduct a thorough inspection. At the Ross Ave. location, Jenner found a "large number of small bare

spots" on the roof, but attributed them to the "caustic effects of pigeon droppings." At the Town East location, Jenner found "a large number of circular chips," but attributed them to hail events that occurred "a long time ago." In making this determination, Jenner noted a "modest number of bruises" in the roof membrane. Defendant Haag had, however, inspected the same roof in 2011 and found "no evidence of any hailfall, old or new, with hailstones sufficient to bruise" the roofing material. Defendants Haag and Jenner have been used by Defendant Seneca on other claims and have provided it with bases to deny full payment on other claims.

20. Plaintiffs hired a public adjuster to help them obtain the coverage their Policies afforded. Defendant Seneca then called in its coverage counsel to conference with Defendants Chaka, Carlson, and Jenner prior to their meeting and inspection with Plaintiffs' public adjuster at the Properties in order to develop a "game plan" to implement at the inspection. Rather than simply meet with Plaintiffs' public adjuster to conduct a full, fair and thorough investigation of the claim, Defendants devised a plan prior to on how to craft the kind of investigation that would support Defendant Seneca's denial of a full claim payment. Thereafter, using Defendants Haag, Held, Jenner, Chaka and Carlson's outcome-oriented investigation results (and the EUO testimony) as a basis, Defendant Seneca denied full and proper payment on the claim.

21. Defendants Chaka and Carlson inspected Plaintiffs' Properties, and during the inspections, they were tasked with the responsibility of conducting a thorough, prompt and reasonable investigation of Plaintiffs' Loss, including determining the cause of and then quantifying the damage done to Plaintiffs' Properties. Instead, Carlson engaged Defendant Haag, Jenner, Held and Defendant Chaka to help adjust the claim because he had worked with them on other claims and knew they would make favorable opinions for Defendant Seneca in order to create evidence to deny full payment on Plaintiffs' claim. Subsequent to the inspections, Defendants Chaka and Carlson refused to identify and ignored the actual covered damages to the

Properties and purposefully undervalued the Loss, thus demonstrating they did not conduct a thorough, reasonable investigation of the Loss.

22. Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Defendants Chaka and Carlson failed and refused to properly adjust the Loss and failed to conduct a reasonable investigation as they are required to do under the Texas Insurance Code when engaged in the business of insurance.

23. The Defendants, jointly and severally, conducted an outcome-oriented investigation of the Loss, ignored covered damages, undervalued the damages they did identify and aided in making a coverage determination that the wind and hail damage was below the deductible and then Defendant Seneca failed and refused to provide coverage for the Plaintiffs for the full Loss based on the Defendants' "game plan" and outcome-oriented claims adjustment. The Defendants' actions and Defendant Seneca's failure to provide coverage under the terms of the Policies in question is a breach of the Policies, and violates the Texas Insurance Code and the Unfair Claims Settlement Practices Act, among other violations described below.

## V.
## CAUSES OF ACTION

### <u>Breach Of Contract - Seneca</u>

24. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

25. Seneca's failure and refusal, as described above, to pay the contractual and required compensation it is obligated to pay under the terms of the Policies and under the laws of the State of Texas constitutes a breach of the insurance contract with the Plaintiffs.

26. Seneca failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policies. Specifically, Seneca refused to pay the full proceeds of the Policies after delaying and conducting an outcome-oriented investigation, although due demand

was made for proceeds to be paid in an amount sufficient to cover the Loss, and all conditions precedent to recovery under the Policies have been carried out and accomplished by Plaintiffs. Seneca's conduct constitutes a breach of the insurance contract between it and Plaintiffs.

**Violation of Chapter 541 of the Texas Insurance Code by Defendants**

27. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

28. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. All Defendants violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

**§ 541.051. Misrepresentation regarding Policies.**

- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the terms of a policy; and
- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the benefits of a policy.

**§ 541.060. Unfair Settlement Practices.**

Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;
- making misrepresentations of law;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;
- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;
- refusing to affirm or deny coverage within a reasonable time;
- refusing to conduct a reasonable investigation;
- ignoring damage known to be covered by the Policies; and/or
- conducting an outcome-oriented investigation in order to provide a basis to underpay the claim.

**§ 541.061. Misrepresentation of Insurance Policy.**

- Making an untrue statement of material fact;
- Failing to state a material fact necessary to make other statements made not misleading;
- Making a misleading statement; and
- Failing to disclose a material matter of law.

29. Moreover, one or more of the foregoing acts or omissions were committed "knowingly" entitling Plaintiffs to seek treble damages pursuant to Section 541.152(1) of the Texas Insurance Code. Further, because of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firms who are representing them with respect to these causes of action. As a result of Defendants' violations, Plaintiffs are entitled to recover their attorneys' fees for the undersigned counsel, which are taxed as part of the costs in this case as provided by.

**Violations of Chapter 542 of the Texas Insurance Code by Defendant Seneca**

30. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

31. Defendant Seneca violated Chapter 542 of the Texas Insurance Code, in one or more of the following particulars:

**§ 542.055. Receipt of Notice of Claim**

- Failing to—not later than the 15th day after the date Defendant received notice of a claim:
  (1) acknowledge receipt of the claim;
  (2) commence any investigation of the claim; and
  (3) request from the insureds all items, statements, and forms that Defendant reasonably believed, at that time, would be required from the insureds.[1]

[1] Tex. Ins. Code § 542.055 Receipt of Notice of Claim (a)(1)-(3).; (b) "An insurer may make additional requests for information if during the investigation of the claim the additional requests are necessary."

**§ 542.056. Notice of Acceptance or Rejection of a Claim**

- Failing to notify the insureds in writing of the acceptance or rejection of a claim not later than the 15th business day after the date Defendant received all items, statements, and forms required by the insurer to secure final proof of loss;[2]

**§ 542.058. Delay in Payment of a Claim**

- Failing to make payment of a claim for a period exceeding 60 days after the insurer received all items, statements, and forms reasonably requested and required under Section 542.055;[3]

32. As a result of the Seneca's failure to promptly pay the claim, accept the claim, reject the claim, or timely request the items it knew or should have known it would need to adjust the claim under Sections 542.055, 542.056, and 542.058, Seneca has violated Section 542.060 of the Texas Insurance Code, for which the Plaintiffs sue for damages consisting of eighteen percent (18%) per annum of the amount of the Claim for the applicable period. The remedies provided therein are in addition to any and all other remedies or procedures provided by any other law or common law.

33. Additionally, as a result of the Seneca's violations, the Plaintiffs are entitled to recover their attorneys' fees for the undersigned counsel, which are taxed as part of the costs in this case as provided by Section 542.060(b) of the Texas Insurance Code.

**<u>Common Law Bad Faith by Defendant Seneca</u>**

34. The Plaintiffs adopt the preceding paragraphs the same as if fully set forth herein.

35. Defendant Seneca's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured pursuant to insurance contracts.

---

[2] Tex. Ins. Code § 542.056 Notice of Acceptance or Rejection of Claim (a); "(c) If the insurer rejects the claim, the notice required by Subsection (a) or (b) must state the reasons for the rejection. (d) If the insurer is unable to accept or reject the claim within the period specified by Subsection (a) or (b), the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection."

[3] Tex. Ins. Code § 542.058(a).

36. From and after the time Plaintiffs' claim was presented to Seneca, its liability to pay the full claim in accordance with the terms of the Policies was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Seneca's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Further, Seneca's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## DAMAGES

37. The Plaintiffs adopt the preceding paragraphs as if fully set forth herein.

38. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

39. As previously mentioned, the damages caused by the covered Loss have not been properly addressed, even though Plaintiffs have mitigated, causing further damage to the Properties and causing further damages to Plaintiffs including lost rents and mitigation expenses. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

40. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and consequential damages.

41. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policies, court costs, and attorney's fees. For knowing conduct of the

acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152. Defendants Haag, Held, Jenner, Chaka and Carlson all failed to conduct a reasonable investigation and such was the basis for the failure of a prompt, fair, and equitable settlement of a claim by Defendant Seneca.

42. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

43. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

44. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**VII.**

45. In addition, as to any exclusion, condition, or defense pled by Defendants, Plaintiffs would show that:

46. The clear and unambiguous language of the Policies provide coverage for damage to the Properties caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

47. In the alternative, any other construction of the language of the policy is void as against public policy;

48. Any other construction and its use by the Defendants violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

49. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

50. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

51. In the alternative, Defendants are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

52. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

## VIII.
## JURY DEMAND

53. The Plaintiffs request a jury trial on all allegations and causes of action set forth herein as allowed by Texas law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that Defendants be cited to appear and answer herein and upon trial hereof, the Plaintiffs have and recover judgment over and against the Defendants for actual and statutory damages, exemplary damages, attorneys' fees, all costs of court, pre and post judgment interest at the appropriate allowable rates and for any and all other relief at law and in equity to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By:_____________________________________

SHANNON E. LOYD
"Attorney in Charge"
State Bar No. 24045706
THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
(210) 775-1424
Fax (210) 775-1410
Email: shannon@theloydlawfirm.com

And

Linda M. Dedman
State Bar No.: 24007098
Scott G. Ball
State Bar No.: 01639050
DEDMAN LAW, PLLC
10440 N. Central Expressway, Suite 1010
Dallas, Texas 75231
Tel: 214-361-8885
Fax: 214-363-4902
Email: ldedman@coveragelawdallas.com
scottb@ball-lawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I thereby certify that a true and correct copy of Plaintiffs' Brief in Support of Motion for Leave to File Plaintiffs' Third Amended Petition was served on the attorney in charge for Defendants by electronic filing pursuant to the Federal Rules of Civil Procedure, on this 18th day of May, 2016 to:

James L. Sowder
State Bar No.: 18863900
Chris Gabriel
State Bar No.: 24074237
THOMPSON, COE, COUSINS & IRONS
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201

Tel: 214-871-8200
Fax: 214-871-8209
Email: jsowder@thompsoncoe.com
cgabriel@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**
**HAAG ENGINEERING CO. AND R. KEAN JENNER**

William D. Cobb, Jr.
State Bar No.: 04444150
Michael C. Smith
State Bar No.: 24013533
COBB, MARTINEZ, & WOODWARD, PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Tel: 214-220-5201
Fax: 214-220-5251
Email: wcobb@cobbmartinez.com
msmith@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**
**J.S. HELD, INC.**

James S. Isbell
State Bar No.: 10431900
Cyrus W. Haralson
State Bar No.: 24065371
THOMPSON, COE, COUSINS & IRONS
One Riverway, Suite 1400
Houston, Texas 77056
Tel: 713-403-8210
Fax: 713-403-8299
Email: jisbell@thompsoncoe.com
charalson@thompsoncoe.com

AND

Lindsey Shine Lawrence
Of Counsel
State Bar No.: 24053681
THOMPSON, COE, COUSINS & IRONS
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Tel: 214-871-8200
Fax: 214-871-8209
Email: llawrence@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**SENECA INSURANCE COMPANY, INC.**

SHANNON E. LOYD