**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RONALD E. COHEN, MORBEN REALTY COMPANY, INC., RONCO REALTY, and MATCO<br>Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| v. | § | Civil Action No. 3:15-cv-1837 |
| SENECA INSURANCE COMPANY, INC. J.S. HELD, INC., HAAG ENGINEERING CO., and R. KEAN JENNER<br>Defendants. | §<br>§<br>§<br>§<br>§ | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED ORIGINAL PETITION**

TO THE HONORABLE COURT:

Defendants Seneca Insurance Company, Inc., J.S. Held, Inc., Haag Engineering, Co., and R. Kean Jenner file this Brief in Support of Their Motion to Reconsider the May 18, 2016 Order granting Plaintiffs' Motion for Leave to File Third Amended Original Petition [Doc. 21] under Rule 60(b) of the Federal Rules of Civil Procedure, and respectfully show the Court as follows:

Defendants request that the Court reconsider its May 18, 2016 Order Granting Plaintiffs' Leave to file their Third Amended Original Petition, withdraw the Order, strike the amended pleading, and allow Defendants an opportunity to brief their opposition to Plaintiffs' Motion for Leave to Amend.

## I. INTRODUCTION

On May 27, 2015, Seneca removed this action from County Court-at-Law No. 1 of Dallas County, Texas on the basis of diversity jurisdiction. Though Plaintiffs asserted claims against in-state Defendants J.S. Held, Inc., Haag Engineering, Co., and R. Kean Jenner, Seneca argued that their citizenship should be disregarded as these Defendants had been improperly joined [Doc. 1].

Plaintiffs moved to remand on June 25, 2015, to which Seneca responded in opposition. [Docs. 4 & 9].

On May 18, 2016, Plaintiffs filed their opposed Motion for Leave to file their Third Amended Original Petition, through which they sought to re-plead in conformity with the federal rules and to add two additional in-state Defendants, Richard Chaka and Nicholas Carlson. The Court granted leave less than four hours after Plaintiffs filed their motion, without allowing Defendants an opportunity to respond.

## II. BASES FOR RECONSIDERATION

### A. *The Order Did Not Rely On the Proper Standard*

The Court granted leave based on Rule 15, but a Plaintiff who seeks leave to add a non-diverse party must satisfy a heightened level of scrutiny under 28 U.S.C. § 1447(e) that surpasses that of Rule 15(a). *Short v. Ford Motor Co.*, 21 F.3d 1107, 1994 WL 171416, at *5 (5th Cir. Apr. 19, 1994) (per curiam) ("A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)"); *Arthur v. Stern*, No. H-07-3742, 2008 WL 2620116, at *3 (S.D. Tex. June 26, 2008) (citing *Tillman v. CSX Transp., Inc.* 929 F.2d 1023, 1029 (5th Cir. 1991) ("A motion for leave to add a nondiverse party whose inclusion would . . . divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e), not Rule 15(a)"). The Fifth Circuit has outlined four factors that must be considered under § 1447(e): (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Priester v. Long Beach Mortg. Co.*, 4:10CV641, 2011 WL 6116481, at *2 (E.D.

Tex. Dec. 8, 2011), aff'd sub nom. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013) (citing e.g, *Hensgens*, 833 F.2d at 1182).

Leave cannot be granted without proper consideration of the *Hensgens* factors but they are not referenced or addressed in the Court's May 18, 2016 Order. Therefore, the Order must be reconsidered and withdrawn.

***B. The Order Did Not Allow For Defendants' Required Opportunity to Respond***

The Court granted Plaintiffs' Motion for Leave before Defendants had an opportunity to brief their opposition. In setting out the factors to be considered, the Court in *Hensgens* also stated that the factors should be considered only after a defendant has been given an opportunity to respond:

> The district court, ***<u>with input from the defendant</u>***, should then balance the equities and decide whether amendment should be permitted.

*Id* (emphasis added). For this reason alone, the Court should reconsider its Order and withdraw its grant of leave to amend.

Moreover, had Defendants received the required opportunity to brief their opposition, they could have raised several critical issues, such as the prematurity of Plaintiffs' motion for leave given the pending motion to remand. Plaintiffs sought leave to amend to comply with the federal pleading requirements, and to add additional, non-diverse defendants. But when determining "whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002); *Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP*, 2010 WL 1267237, at *3 (N.D. Tex. Apr. 2, 2010) (Lindsey, J.) ("The court must consider the pleadings as set forth in the Petition at the time of removal."). As such, it was

premature to file an amended pleading that would have no bearing on the pending motion for remand.

Defendants could also have argued that amendment was improper because Plaintiffs were dilatory in seeking to add non-diverse defendants of whom they were previously aware. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 769 (5th Cir. 2016) ("Additionally, the court considered that Villarreal knew of any claims she may have had against [the proposed in-state defendant] long before she sought to join him."); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n. 2 (5th Cir. 2007); *Apollo Alternative Fuels Co., LLC v. Energy Ventures Org., Inc.*, 2007 WL 1002243, at *3 (Lindsey, J.) ("Plaintiffs have created a situation, or allowed one to exist, in which they were aware of a party's activities and association with another defendant, but decided to act on it *only* when it became legally disadvantageous to Defendants.").

Because Defendants did not receive the required opportunity to respond to Plaintiffs' motion for leave, the Court was deprived of Defendants' notice of and input on these and other possible objects to amendment. Therefore, the Order should be reconsidered and withdrawn.

## III. CONCLUSION

Based on the foregoing, Defendants request that the Court reconsider its May 18, 2016 Order Granting Plaintiffs' Leave to file their Third Amended Original Petition, withdraw the Order, strike the amended pleading, and allow Defendants an opportunity to brief their opposition to Plaintiffs' Motion for Leave to Amend.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _/s/ James N. Isbell_
James N. Isbell
Attorney-in-Charge
Bar No. 10431900
jisbell@thompsoncoe.com
Cyrus W. Haralson
Bar No. 24065371
charalson@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

Lindsey Shine Lawrence
Of Counsel
Bar No. 24053681
llawrence@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT SENECA INSURANCE COMPANY, INC.**

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _/s/ James L. Sowder (signed by permission)_
James L Sowder
Bar No. 18863900
jsowder@thompsoncoe.com
Plaza of the Americas
700 N Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEY FOR DEFENDANTS HAAG ENGINEERING CO. AND R. KEAN JENNER**

**COBB MARTINEZ WOODWARD PLLC**

By: */s/ Michael C. Smith (signed by permission)*
William D. Cobb, Jr.
Bar No. 04444150
wcobb@cobbmartinez.com
Michael C. Smith
Bar No. 24013533
msmith@cobbmartinez.com
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Telephone: (214) 220-5201
Facsimile: (214) 220-5251

**ATTORNEYS FOR DEFENDANT J.S. HELD, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2016, a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure upon the counsel listed below

Shannon E. Loyd
The Loyd Law Firm, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249

Linda M. Dedman
Scott G. Ball
Dedman Law, PLLC
10440 N. Central Expressway
Suite 1010
Dallas, Texas 75231

**ATTORNEYS FOR PLAINTIFFS**

*/s/ James N. Isbell*
JAMES N. ISBELL