IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD E. COHEN, MORBEN REALTY CO., INC., RONCO REALTY, and MATCO, Plaintiffs | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-01837 |
| SENECA INSURANCE COMPANY, INC., J.S. HELD, INC., HAAG ENGINEERING CO., R. KEAN JENNER, RICHARD CHAKA, and NICHOLAS CARLSON, Defendants. | § | |

BRIEF IN SUPPORT OF DEFENDANT J.S. HELD, INC.'S
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED PETITION

Defendant J.S. Held, Inc. ("J.S. Held") files this Brief in Support of its Rule 12(b)(6) Motion to Dismiss Plaintiffs' Third Amended Petition for failure to state a claim upon which relief can be granted and would respectfully show as follows:

## I. Summary Of Motion

J.S. Held is a construction consulting company. J.S. Held was retained on behalf of an insurance company to assist in estimating Plaintiffs' alleged property damages. Texas law is clear that consulting companies hired by insurance companies to assist in estimating property damage claims are not liable under the Texas Insurance Code because they are not engaged in the business of insurance. Nevertheless, Plaintiffs assert causes of action against J.S. Held for violations of Texas Insurance Code §§ 541.051[1], 541.060(a)[2], and 541.061[3]. Plaintiffs even include as alleged

[1] *See* Pls.' Third Am. Pet. at ¶ 28.

[2] *Id.*

[3] *Id.*

§ 541.060(a) violations conduct that does not exist in the statute, apparently attempting to re-write the law.[4] Further, Plaintiffs allege that J.S. Held "knowingly" committed the alleged Chapter 541 violations.[5]

Given the clarity in Texas law that no such liability exists against companies like J.S. Held, Plaintiffs have no basis to assert any of their claims against J.S. Held. Further, Plaintiffs' misrepresentation-based claims under the Texas Insurance Code lack the required particularity, actually negate the reliance element, and do not allege any actionable misrepresentation. Accordingly, the Court should dismiss Plaintiffs' claims against J.S. Held under Rule 12(b)(6) and Rule 9(b) for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

A court should grant a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the pleading that a plaintiff can prove no set of facts in support of its claim that would entitle it to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 554-55. This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 667. Rather, a plaintiff has an obligation to provide "[t]he grounds of his entitle[ment] to relief … ." *Twombly*, 550 U.S. at 555.

Although the court should accept the plaintiff's factual allegations as true, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

[4] Under Plaintiffs' § 541.060 allegations, the 2nd, 7th, 8th and 9th bullet-points in Paragraph 28 allege conduct that is not included in this statute. *See id.* at ¶ 28.

[5] *See* Pls.' Third Am. Pet. at ¶ 29.

motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). The party seeking to avoid dismissal is required to plead specific facts, not mere conclusory allegations. *See Fin. Acquisition Part. LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *Chiras v. Miller*, 432 F.3d 606, 611 (5th Cir. 2005). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. In addition, in all pleadings averring fraud, the circumstances constituting fraud must be stated with particularity. FED. R. CIV. P. 9(b).

## III. ARGUMENT & AUTHORITIES

### A. Plaintiffs Have No Plausible Texas Insurance Code Claims Against J.S. Held.

Texas law is abundantly clear that consultants hired by or on behalf of insurance companies cannot be liable under the Texas Insurance Code because they are not "persons engaged in the business of insurance." An action under Chapter 541 can only be brought against an entity or person "engaged in the business of insurance" as defined by Texas Insurance Code § 541.002(2).

Numerous policyholders have unsuccessfully attempted to cast Insurance Code allegations against professionals who were not the insurance carrier or the actual insurance adjuster. Courts applying Texas law have consistently held that such claims fail because "***[i]t is well-established that Texas law does not recognize a claim under the Texas Insurance Code against independent firms who are hired to provide engineering or similar services to the insurance company.***" *Browning v. Sentinel Ins. Co.*, 2011 U.S. Dist. LEXIS 6592, at *4-5 (S.D. Tex. Jan. 24, 2011) (Atlas, J.) (emphasis added) (citations omitted). In *Browning*, the District Court denied plaintiff's motion to remand, finding that plaintiff improperly joined a construction consulting company that provided a repair work estimate on an insurance claim. The court noted that the plaintiff cited no case law and the court's own research did not reveal any case "in which an independent

construction firm hired by the insurance company to provide an estimate or appraisal of repair costs is held to be a person engaged in the business of insurance for purposes of the Texas Insurance Code." *Id.* at *5. Ultimately, the court held that the insured had no reasonable basis on which to recover against the construction consultant for providing a repair cost estimate—which the court described as "a service consistently held by courts in Texas – state and federal – not to constitute engaging in the business of insurance for purposes of a claim under the Texas Insurance Code." *Id. See also Michels v. Safeco Ins. Co. of Ind.*, 2013 U.S. App. LEXIS 22553, at *12-13 (5th Cir. Nov. 6, 2013) (dismissing Texas Insurance Code claims against an independent engineering firm hired by insurance company because firm was not engaged in the business of insurance); *Craig Penfold Props. v. Travelers Cas. Ins. Co.*, 2014 U.S. Dist. LEXIS 113233, at *12-14 (N.D. Tex. Aug. 14, 2014) (Lindsay, J.) (holding consultant hired by insurance carrier to help investigate claim could not be liable under the Texas Insurance Code and was improperly joined); *Nitzsche v. TEAMS of Tex.*, 2007 Tex. App. LEXIS 2406, at *6-7 (Tex. App.—Houston [14th Dist.] Mar. 29, 2007, no pet.) (affirming summary judgment in favor of consultant and holding that insured cannot maintain insurance-based DTPA claims against contractor hired by insurance company to perform adjusting or testing services on behalf of carrier).

*Dagley v. Haag Engineering* further demonstrates that Plaintiffs have failed to allege essential facts showing a claim upon which relief can be granted against J.S. Held under the Texas Insurance Code. There, the appellate court held that the policyholder had no cause of action under the Texas Insurance Code against a consultant hired by the carrier. *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 791 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In *Dagley*, the carrier hired Haag Engineering to inspect and evaluate two homes, including evaluating one home as an appraiser, regarding the insured's claim for hail damage. *Id.* at 790 & n.1. Haag's inspection

concluded that hail did not damage the property. *Id.* The insured sued Haag for negligence, conspiracy, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. *Id.* The trial court granted Haag's summary judgment on all claims. *Id.* The appellate court affirmed and, specifically as to the Insurance Code claims, held that Haag had no liability under the Texas Insurance Code because Haag was not a person "engaged in the business of insurance." 18 S.W.3d at 792-93. The insured tried to argue that Haag did engage in insurance because it helped investigate the claim. *Id.* at 792. The court of appeals rejected this argument, noting that the carrier hired Haag "to determine the extent of damage, if any, from the storm." *Id.* at 793.

Here, Plaintiffs make the same broad allegations against J.S. Held—that it was hired to "inspect the damages and measure, document, estimate and adjust the damages to the roofs of the Properties." Pls.' Third Am. Pet. at ¶ 17. Plaintiffs further allege that J.S. Held's employee, Richard Chaka, helped investigate the properties to develop an estimate of the amount of loss. *Id.* at ¶ 19. Plaintiffs allege this involvement constitutes "adjusting" the claim. However, the Texas Insurance Code explicitly exempts estimators from the definition of "adjuster" despite the technical assistance they provide to adjusters. *See* TEX. INS. CODE § 4101.002(a)(3)(C). *Compare Michels*, 2013 U.S. App. LEXIS 22553, at *12 (noting that engineers, for example, are exempt under the Texas Insurance Code from being licensed as an adjuster, and affirming district court's holding that policyholder had no basis of recovery against engineer who inspected the property).

J.S. Held is a construction consulting company that was hired to assist on the claims and provide estimating services.[6] The clear precedent demonstrates that Plaintiffs have failed to state a claim plausible on its face under Texas Insurance Code §§ 541.051, 541.060 or 541.061 against

[6] *See* ECF Doc. 10-1, Appendix in Support of Defendant Seneca Ins. Co.'s Resp. to Pls.' Mot. to Remand, at Appx. 33-34 (J.S. Held Original Answer, Affirmative Defense No. 2) and Appx. 72-73 (Aff. of Richard Chaka, dated Jul. 15, 2015, at ¶¶ 2-3.

J.S. Held. Accordingly, the Court should dismiss Plaintiffs' claims against J.S. Held pursuant to Rule 12(b)(6).

**B. Plaintiffs' Misrepresentation-Based Allegations Fail To State A Claim Upon Which Relief Can Be Granted.**

Plaintiffs' conclusory fraud-based allegations fail to demonstrate a reasonable basis of recovery against J.S. Held. A dismissal for failure to plead fraud with particularity as required by Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Claims asserting violations of the Texas Insurance Code based on alleged misrepresentations are subject to Rule 9(b)'s pleading requirements, even though the theory supporting the claim is not technically termed fraud. *See Atl. Cas. Ins. Co. v. PrimeLending*, 2016 U.S. Dist. LEXIS 45780, at *7 (N.D. Tex. Apr. 5, 2016) (mem. op.) (Fitzwater, J.) (citing *El Conejo Bus Lines, Inc. v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 9339, at *2 (N.D. Tex. May 27, 1999) (quoting *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998))); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (Boyle, J.) (dismissing Chapter 541 claims for failure to satisfy Rule 9(b)). *See also Partain v. Mid-Continent Specialty Ins. Servs.*, 838 F. Supp. 2d 547, 557 (S.D. Tex. 2012) (holding that claims under Texas Insurance Code § 541.051 that are alleged to have been committed "knowingly" and §§ 541.060(a)(1) and 541.061 are subject to Rule 9(b)).

Rule 9(b) requires specificity as to the statements contended to be fraudulent, the identity of the speaker, when and where the statements were made, and explain why the statements were fraudulent. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). To satisfy this requirement, Plaintiffs must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DSC Comm'ns Corp.*, 14 F.3d 1061, 1068 (5th

Cir. 1994) (internal quotation marks omitted). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824-25 (N.D. Tex. 2001).

Plaintiffs' misrepresentation-based claims fail to include the following required allegations specific to J.S. Held: (i) Plaintiffs do not allege a specific misrepresentation that J.S. Held made to Plaintiffs; (ii) Plaintiffs do not allege when J.S. Held made any specific misrepresentation to Plaintiffs; (iii) Plaintiffs do not allege that J.S. Held knew any specific misrepresentation it made was false or was made recklessly, as a positive assertion, and without knowledge of its truth; (iv) Plaintiffs do not allege that J.S. Held made a specific misrepresentation with the intent that Plaintiffs act or rely on that specific misrepresentation; (v) Plaintiffs do not allege how they relied on a specific misrepresentation made by J.S. Held; and (vi) Plaintiffs do not allege how a specific misrepresentation by J.S. Held caused Plaintiffs any injury.

Plaintiffs' misrepresentation-based claims under the Texas Insurance Code also fail because Plaintiffs fail to allege reliance and causation, which are required elements of a claim brought under Chapter 541. *See Partain*, 838 F. Supp. 2d at 558 (citing *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F. Supp. 2d 801, 813 (N.D. Tex. 2010); *Carper v. State Farm Lloyds*, 2002 U.S. Dist. LEXIS 17485, at *8 (N.D. Tex. Sept. 13, 2002); and *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 59 (Tex. App.—San Antonio 2002, pet. denied)). Plaintiffs offer no facts to support an argument that they relied on J.S. Held's alleged misrepresentations in any way, or that the misrepresentations themselves caused Plaintiffs any harm. Rather, Plaintiffs' own allegations are that they did not rely on any alleged misrepresentations by J.S. Held because Plaintiffs had hired a public adjuster to help them obtain coverage. *See* Pls.' Third Am. Pet. at ¶ 20. Dismissal is

proper where the complaint lacks an allegation regarding a required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

Moreover, Plaintiffs' conclusory misrepresentation-based allegations are not actionable because the alleged misrepresentations relate to post-loss representations, which Texas courts have consistently held do not give rise to Texas Insurance Code liability and cannot support a fraud-based claim. *See Centro Cristiano Cosecha Final Inc. v. Ohio Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 6541, at *40 (S.D. Tex. Jan. 20, 2011) (allegations that an adjuster misrepresented the value of the insured's covered loss and policy provisions relating to the coverage at issue were post-loss representations and could not support fraud claim) (citing *Royal Globe Ins. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1970) (superseded by statute on other grounds)).

**C. Plaintiffs Fail To Allege Any Independent Injury.**

Plaintiffs have also failed to allege any factual allegations that J.S. Held's alleged Insurance Code violations caused Plaintiffs any independent injury. To recover on their extra-contractual, statutory claims against J.S. Held, Plaintiffs must plead and prove damages that are independent of the benefits of the insurance policy. *See Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc.*, 612 F.3d 800, 806 (5th Cir. 2010); *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002). Under Texas law, "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from wrongful denial of policy benefits." *Parkans Int'l*, 299 F.3d at 519. Here, based on Plaintiffs' allegations against J.S. Held related to its involvement in inspecting the losses and preparing estimates, Plaintiffs' alleged damages arise out of the alleged wrongful denial of policy benefits.

## IV. CONCLUSION & PRAYER

Plaintiffs' claims against J.S. Held are based on J.S. Held's alleged involvement as a consultant in developing an estimate for an insurance company. These allegations fail to state plausible causes of action under the Texas Insurance Code. Plaintiffs' misrepresentation-based claims under the Texas Insurance Code further fail because the allegations are conclusory, do not identify any fraudulent conduct by J.S. Held, negate the reliance element, and assert only post-loss representations that are not actionable in this insurance coverage dispute. Finally, Plaintiffs fail to allege an injury independent of their claim for policy benefits.

Plaintiffs cannot cure their pleading deficiencies given there can be no Texas Insurance Code cause of action against J.S. Held as a matter of law. Therefore, no further pleading amendment should be permitted.

Accordingly, J.S. Held respectfully requests that the Court grant this Motion to Dismiss pursuant to Rule 12(b)(6), as well as for any such further relief to which J.S. Held is justly entitled.

Respectfully submitted,

By: */s/ Michael C. Smith*

WILLIAM D. COBB, JR.
Texas Bar No. 04444150
MICHAEL C. SMITH
Texas Bar No. 24013533
COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
214.220.5201 (direct)
214.220.5251 (direct fax)
email: wcobb@cobbmartinez.com
email: msmith@cobbmartinez.com

ATTORNEYS FOR DEFENDANT
J.S. HELD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2016, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who are ECF registrants in this case.

Shannon E. Loyd
The Loyd Law Firm, P.L.L.C.
12703 Spectrum Dr., Suite 201
San Antonio, TX 78249
*Counsel for Plaintiffs*

James N. Isbell
Cyrus Haralson
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, TX 77056
*Counsel for Seneca Ins. Co.*

Linda M. Dedman
Scott G. Ball
Dedman Law, PLLC
10440 N. Central Expressway
Suite 1010
Dallas, TX 75231
*Counsel for Plaintiffs*

James L. Sowder
Thompson, Coe, Cousins & Irons, LLP
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
*Counsel for Haag Engineering and R. Kean Jenner*

*/s/ Michael C. Smith*
**MICHAEL C. SMITH**