**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD E. COHEN, MORBEN REALTY CO., INC., RONCO REALTY, and MATCO,** | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:15-cv-01837** |
| | § | |
| **SENECA INSURANCE COMPANY, INC., J.S. HELD, INC., HAAG ENGINEERING CO., R. KEAN JENNER, RICHARD CHAKA, AND NICHOLAS CARLSON** | § | |
| ***Defendants.*** | § | |

**HAAG ENGINEERING CO.'S AND R. KEAN JENNER'S**
**REPLY AND BRIEF IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS**

Defendants Haag Engineering Co. ("Haag") and R. Kean Jenner ("Jenner") file their Reply and Brief in Support of Their Rule 12(b)(6) Motion to Dismiss and show:

## I.
## Plaintiffs Cannot and Do Not Allege Haag or Jenner violated the Texas Insurance Code

1. Haag, an engineering company, and Jenner, a Haag engineer, filed their Rule 12(b)(6) Motion to Dismiss because plaintiffs failed to state a claim for violation of the Texas Insurance Code related to their property damage claim with Seneca Insurance Company ("Seneca") (Dkt. 33). Haag and Jenner contend their involvement in providing engineering services to Seneca, Plaintiffs' property insurer, is not the business of insurance. Plaintiffs cannot allege Haag or Jenner are licensed insurance adjusters, brokers, or agents. In addition, Plaintiffs allege no facts that Haag or Jenner actually did anything other than inspections of the property, which is what engineers do.

2. In their response, Plaintiffs concede Haag should be dismissed from the litigation. Haag, therefore, requests the Court to enter an order dismissing Haag as a party.

3. However, Plaintiffs continue to argue they have somehow met their pleading burden that Jenner was engaged "in the business of insurance". In their response brief, Plaintiffs' point to allegations in their Third Amended Complaint that in conjunction with Jenner's inspection of the Plaintiffs' property, he spoke to representatives of Seneca. Yet, inspections are within a forensic engineer's scope of work. When an engineer makes conclusions about hail damage to a roof, he is not adjusting a claim. When an engineer speaks to an adjuster about an inspection, he is not adjusting a claim.

4. Plaintiffs do not allege any conduct that Jenner: sold the insurance policy, looked at the insurance policy, relied on the insurance policy for the inspection, could make or actually made any coverage decision, or spoke to Plaintiffs about their coverages. Moreover, a conclusory allegation that Seneca hired Haag to adjust the claim does not articulate that Haag, in fact, adjusted any portion of the claim.

5. The Texas Insurance Code is clear that a person employed to furnish assistance as an engineer to an adjuster is not engaged in the business of insurance. *See* TEX. INS. CODE § 4101.002(3)(B). The Fifth Circuit has clearly noted Texas courts have held engineers who investigate and consult with insurance companies in the adjustment of a claim are not "persons" engaged in the business of insurance. *Michels v. Safeco Ins. Co. of Indiana,* 544 F. App'x 535, 539 (5th Cir. 2013). No matter how the Plaintiffs spin the averments in their complaint, there are simply no allegations Jenner is a "person" doing the business of insurance.

WHEREFORE, Haag Engineering Co. request the Court recognize the Plaintiffs' concession it should be dismissed and enter such dismissal order as soon as possible. R. Kean Jenner requests he be dismissed from the litigation because Plaintiffs have failed to state a claim for which relief can be granted.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ James L. Sowder*

James L. Sowder
State Bar No. 18863900
jsowder@thompsoncoe.com
Chris Gabriel
State Bar No. 24074237
cgabriel@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8267
Facsimile: (214) 871-8209
**Counsel For Defendants**
**Haag Engineering Co. and R. Kean Jenner**

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the following:.

Shannon E. Loyd
The Loyd Law Firm, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
**Counsel for Plaintiffs**

Linda Dedman, Esq.
Scott Ball, Esq.
Dedman Law, PLLC
10440 N. Central Expressway, Suite 1010
Dallas, Texas 75231
**Counsel for Plaintiffs**

James N. Isbell
Cyrus W. Haralson
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
**Counsel for Defendant**
**Seneca Insurance Company**

William D. Cobb, Jr., Esq.
Michael C. Smith, Esq.
Cobb Martinez Woodward PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
**Counsel for Defendant J.S. Held, Inc.**

*/s/ James L. Sowder*
James L. Sowder