IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD E. COHEN, MORBEN REALTY CO., INC., RONCO REALTY, and MATCO, Plaintiffs | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-01837 |
| SENECA INSURANCE COMPANY, INC., J.S. HELD, INC., HAAG ENGINEERING CO., R. KEAN JENNER, RICHARD CHAKA, and NICHOLAS CARLSON, Defendants. | § | |

DEFENDANT J.S. HELD, INC.'S REPLY AND BRIEF IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED PETITION

Defendant J.S. Held, Inc. ("J.S. Held") files its Reply and Brief in Support of its Rule 12(b)(6) Motion to Dismiss and would show as follows:

## I. REPLY ARGUMENTS

### A. Plaintiffs' conclusory allegations do not transform J.S. Held into an adjusting company and fail to state a claim under the Texas Insurance Code against J.S. Held.

Plaintiffs' conclusory labels and allegations that J.S. Held "adjusted" the underlying claims do not present a plausible claim against J.S. Held, a consulting company hired to assist the carrier in preparing estimates. Preparing an estimate to assist an insurance company on a claim is not the adjustment of a claim and does not constitute being engaged in the business of insurance. Federal courts applying Texas law have made this clear. *See, e.g., Michels v. Safeco Ins. Co. of Ind.*, 2013 U.S. App. LEXIS 22553 (5th Cir. Nov. 6, 2013); *Craig Penfold Props. v. Travelers Cas. Ins. Co.*, 2014 U.S. Dist. LEXIS 113233 (N.D. Tex. Aug. 14, 2014) (Lindsay, J.); *Browning v. Sentinel Ins. Co.*, 2011 U.S. Dist. LEXIS 6592 (S.D. Tex. Jan. 24, 2011). In fact, *Browning* specifically addressed Texas Insurance Code claims asserted against an estimating company and held there

was no reasonable basis on which a plaintiff could recover against the estimating consulting company for providing a repair cost estimate. The Texas Insurance Code recognizes this distinction and exempts estimators from the definition of "adjuster." *See* TEX. INS. CODE § 4101.002(a)(3)(B).

Plaintiffs' Response ignores these cases and refers generally to cases that merely observe that actual insurance adjusters may have potential liability under the Texas Insurance Code. Plaintiff's conclusory statement that J.S. Held—along with every other defendant—"adjusted the claim" does not articulate that J.S. Held, in fact, adjusted any portion of the claim. Further, Plaintiffs' reliance on *Equitas Reinsurance Ltd. v. Browning-Ferris Industries, Inc.* that some person other than an insurance company or adjuster can be liable under the Texas Insurance Code is misplaced. In that case, Equitas acknowledged that it was acting as the adjuster for the insurance company. *See Equitas Reinsurance Ltd. v. Browning-Ferris Industries, Inc.*, 2001 Tex. App. LEXIS 2710, at *12. Importantly in that opinion, Equitas entered into a "Reinsurance and Run-Off Contract" with the insurance companies and explicitly assumed certain claims-handling responsibilities, including the power to adjust, handle, agree, settle, pay, compromise, or repudiate any claim. *Id.* at *14-15. No such allegations exist here that J.S. Held—a consulting company that provided estimates—contractually took on any insurance adjusting obligations.

Plaintiffs further contend that "Held, through Richard Chaka, failed and refused to conduct a thorough and reasonable inspection." *See* Pls.' Resp. at p. 4. As an outside consultant hired to assist the insurance carrier, J.S. Held owes no such duty to Plaintiff. Moreover, § 541.060(a) contains no such obligation "to conduct a thorough and reasonable inspection." Rather, § 541.060(a)(7) identifies as an unfair practice: "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(a)(7). This statute

addresses the ***insurer's*** refusal to pay a claim, and those who could be liable include the insurance company or the individual at the insurance company who refuses to pay the claim. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724-25 (N.D. Tex. 2014). This does not state a plausible claim against a company hired to provide an estimate.

**B. Injury Independent of Policy Benefits Is Required to Pursue Texas Insurance Code Claims against Non-Parties to the Insurance Policy.**

J.S. Held maintains that the Fifth Circuit has held that "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from wrongful denial of policy benefits." *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002). Courts in the Northern District of Texas follow this precedent. *See, e.g., Charla G. Aldous, PC v. Lugo*, 2014 U.S. Dist. LEXIS 159684, at *11-16 (N.D. Tex. Nov. 12, 2014) (Lindsay, J.) (discussing Texas law on the independent injury requirement and dismissing Texas Insurance Code claims where plaintiff's alleged damages were not an injury independent of the alleged wrongful denial of insurance benefits); *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 2014 U.S. Dist. LEXIS 95090, at *73-78 (N.D. Tex. Jul. 14, 2014) (granting summary judgment in favor of independent adjusting company on plaintiff's Texas Insurance Code claims because plaintiff had no evidence of injury independent of the alleged insurance benefits). In *Eagle Oil & Gas Company*, the district court, in fact, held that the carrier was wrong on a coverage dispute and granted the plaintiff's summary judgment motion on the contract/coverage issue, yet granted summary judgment to the carrier and the outside adjusting company on the extra-contractual claims because of a lack of independent injury. 2014 U.S. Dist. LEXIS 95090, at *40, *48, *70-73, *76-78.

The cases cited in Plaintiffs' Response do not hold that if the loss is covered under the policy, then the policy benefits are actual damages recoverable under the Texas Insurance Code.

The *State Farm Lloyds v. Page* opinion merely stated that "to the extent the policy affords coverage, extra-contractual claims remain viable." 315 S.W.3d 525, 532 (Tex. 2010). In *Progressive County Mutual Insurance Company v. Boyd*, the Texas Supreme Court was restating the lower court of appeals decision that a finding of "'no breach of contract' would not 'necessarily mandate a conclusion of 'no bad faith.'" 177 S.W.3d 919, 921 (Tex. 2005). Ultimately, however, the Texas Supreme Court observed that the coverage/breach of contract was fully litigated below and a take-nothing judgment was entered and affirmed. Accordingly, the insured's extra-contractual claims failed. *Id.* Plaintiffs also cite *United National Insurance Company v. AMJ Investments, LLC*. This case should not be controlling as it was appealed to the Texas Supreme Court but was then settled and the petition was dismissed before the independent injury argument could be addressed.

Finally, Plaintiffs' alleged independent injuries of lost profits and lost rents are allegedly based on the insurance company's "refusal to pay under the policies." *See* Pls.' Resp. at p.7. That is not an issue pertinent to J.S. Held—an outside consulting company that is not a party to the insurance contracts at issue.

**C. Plaintiffs' Misrepresentation-based Claims Still Fail.**

Plaintiffs still do not identify what J.S. Held allegedly misrepresented. J.S. Held provided estimates; however, disagreements about the extent of damage do not constitute a misrepresentation of the terms of the policy. *See Richardson East Baptist Church v. Philadelphia Ind. Ins. Co.*, 2016 Tex. App. LEXIS 3267, at *22 (Tex. App.—Dallas Mar. 30, 2016, no pet.). Finally, J.S. Held did not misrepresent cases cited regarding reliance and causation to support Plaintiffs' misrepresentation-based claims under Chapter 541. *Partain v. Mid-Continent Specialty Insurance Services* concluded that the plaintiffs' misrepresentation claims under §§ 541.051, 541.060, and 541.061 fail because plaintiffs were "unable to allege reliance and causation—

elements of a claim brought under Chapter 541." 838 F. Supp. 2d 547, 558 (S.D. Tex. 2012) (citing *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F. Supp. 2d 801, 813 (N.D. Tex. 2010) (claims under 541.051 require a plaintiff to prove that the misrepresentation caused the damages) and *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 59 (Tex. App.—San Antonio 2002, pet. denied) (Insurance Code violations must be a producing cause of the insured's damages)). In *Partain,* the district court listed the alleged misrepresentations, including the specific allegation that the carrier misrepresented by "claiming that Insureds are not entitled to indemnity under the Policies because Insureds exercised their right to select independent counsel to defend them." 838 F. Supp. 2d at 558. Accordingly, the alleged misrepresentation was not concerning a "common law right" as Plaintiffs suggest here. Rather, the alleged misrepresentation was specific to indemnity under the policies at issue. Citing *Nunn* and *Wellisch* is not misleading, as those cases support the producing cause requirement for these misrepresentation-based claims. Once again, however, Plaintiffs' conclusory allegations that all defendants participated in an "outcome-oriented investigation" fail to articulate facts that J.S. Held's estimates somehow produced Plaintiffs' alleged injuries, especially when Plaintiffs had already hired a public adjuster to assist them with the claims on the alleged basis that the properties were damaged by hail during the policy period. *See* Pls.' Third Am. Pet. at ¶ 20.

Wherefore, J.S. Held, Inc. requests that it be dismissed from the litigation because Plaintiffs have failed to state a claim for which relief can be granted.

Respectfully submitted,

By: */s/ Michael C. Smith*

WILLIAM D. COBB, JR.
Texas Bar No. 04444150
MICHAEL C. SMITH
Texas Bar No. 24013533
COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
214.220.5201 (direct)
214.220.5251 (direct fax)
email: wcobb@cobbmartinez.com
email: msmith@cobbmartinez.com

ATTORNEYS FOR DEFENDANT J.S. HELD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2016, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who are ECF registrants in this case.

Shannon E. Loyd
The Loyd Law Firm, P.L.L.C.
12703 Spectrum Dr., Suite 201
San Antonio, TX 78249
*Counsel for Plaintiffs*

James N. Isbell
Cyrus Haralson
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, TX 77056
*Counsel for Seneca Ins. Co.*

Linda M. Dedman
Scott G. Ball
Dedman Law, PLLC
10440 N. Central Expressway
Suite 1010
Dallas, TX 75231
*Counsel for Plaintiffs*

James L. Sowder
Thompson, Coe, Cousins & Irons, LLP
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
*Counsel for Haag Engineering and R. Kean Jenner*

*/s/ Michael C. Smith*
**MICHAEL C. SMITH**