IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD E. COHEN, MORBEN REALTY CO., INC., RONCO REALTY, and MATCO, Plaintiffs | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-01837 |
| SENECA INSURANCE COMPANY, INC., J.S. HELD, INC., HAAG ENGINEERING CO., R. KEAN JENNER, RICHARD CHAKA, and NICHOLAS CARLSON, Defendants. | § | |

SUBJECT TO THEIR MOTIONS TO DISMISS, J.S. HELD, INC.'S AND RICHARD CHAKA'S ANSWER TO PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Subject to their pending Motions to Dismiss (ECF Doc. Nos. 35-36, 45-47, 54) and without waiving same, Defendants J.S. Held, Inc. ("J.S. Held") and Richard Chaka ("Chaka") file this Answer to Plaintiffs' Third Amended Original Petition and would respectfully show the Court as follows[1]:

## I. DISCOVERY CONTROL PLAN – LEVEL 3

1. J.S. Held and Chaka deny that the Texas Rules of Civil Procedure govern discovery in this case.

## II. PARTIES

2. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2.

[1] For clarity, J.S. Held and Chaka use the section headings and titles found in Plaintiffs' Third Amended Original Petition. J.S. Held and Chaka do not admit the substance of any allegations by restating the section names and titles used by Plaintiffs.

3. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3.

4. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4.

5. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5.

6. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 but admit that Defendant Seneca Insurance Company, Inc. has already appeared and filed an Answer herein.

7. J.S. Held and Chaka deny that J.S. Held, Inc. is a Texas corporation that has its principal office in Dallas County, Texas. J.S. Held and Chaka admit that J.S. Held has appeared in this matter by filing a Motion to Dismiss and is now filing an Answer herein without waiving the pending Motion to Dismiss.

8. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 but admit that Defendant Haag Engineering Co. has appeared in this matter by filing a Motion to Dismiss.

9. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 but admit that Defendant R. Kean Jenner has appeared in this matter by filing a Motion to Dismiss.

10. J.S. Held and Chaka admit the allegations in Paragraph 10.

11. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11.

## III. JURISDICTION AND VENUE

12. J.S. Held and Chaka admit that Chaka is a Texas resident but are without knowledge or information sufficient to admit or deny Carlson's state of residence. J.S. Held and Chaka deny the remaining allegations in Paragraph 12.

13. Paragraph 13 does not contain any allegations to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny that Plaintiffs are entitled to the relief sought.

14. J.S. Held and Chaka deny that the Texas Rules of Civil Procedure govern venue in this case.

## IV. FACTUAL BACKGROUND

15. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15.

16. J.S. Held and Chaka are without knowledge or information sufficient to admit or deny that Seneca Insurance Company, Inc. issued a commercial property insurance policy related to the two properties at issue in this lawsuit. Otherwise, J.S. Held and Chaka deny the remainder of the allegations in Paragraph 16.

17. J.S. Held and Chaka deny the allegations in Paragraph 17.

18. J.S. Held and Chaka admit that Seneca Insurance Company, Inc. retained Carlson to assist in adjusting the loss. J.S. Held and Chaka admit that Chaka provided sworn affidavit testimony, which speaks for itself. To the extent that Plaintiffs' allegations are inconsistent or mischaracterize Chaka's testimony, J.S. Held and Chaka deny those allegations. J.S. Held and Chaka specifically deny that Plaintiffs complied with all conditions precedent. J.S. Held and Chaka deny the remainder of the allegations in Paragraph 18.

19. J.S. Held and Chaka admit that Jenner traveled to the properties to inspect the properties and make a report, which speaks for itself. To the extent that Plaintiffs' allegations are inconsistent with or mischaracterize Jenner's report, J.S. Held and Chaka deny those allegations. Otherwise, J.S. Held and Chaka deny the remainder of the allegations in Paragraph 19.

20. J.S. Held and Chaka admit, upon information and belief, that Plaintiffs hired a public adjuster. J.S. Held and Chaka deny the remainder of the allegations in Paragraph 20.

21. J.S. Held and Chaka admit that Chaka inspected the properties at issue in order to prepare estimates. J.S. Held and Chaka deny the remainder of the allegations in Paragraph 21.

22. J.S. Held and Chaka deny the allegations in Paragraph 22.

23. J.S. Held and Chaka deny the allegations in Paragraph 23.

## V. CAUSES OF ACTION

### Breach of Contract - Seneca

24. Paragraph 24 incorporates Plaintiffs' prior allegations by reference. J.S. Held and Chaka hereby incorporate their answers to those prior allegations by reference.

25. Paragraph 25 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 25.

26. Paragraph 26 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 26.

### Violation of Chapter 541 of the Texas Insurance Code by Defendants

27. Paragraph 27 incorporates Plaintiffs' prior allegations by reference. J.S. Held and Chaka hereby incorporate their answers to those prior allegations by reference.

28. Paragraph 28 contains allegations regarding the language in the Texas Insurance Code. To the extent that Plaintiffs' allegations are inconsistent with or mischaracterize the statutory language, J.S. Held and Chaka deny those allegations. J.S. Held and Chaka deny the remainder of the allegations in Paragraph 28.

29. J.S. Held and Chaka deny the allegations on Paragraph 29.

**Violation of Chapter 542 of the Texas Insurance Code by Defendant Seneca**

30. Paragraph 30 incorporates Plaintiffs' prior allegations by reference. J.S. Held and Chaka hereby incorporate their answers to those prior allegations by reference.

31. Paragraph 31 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 31.

32. Paragraph 32 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 32.

33. Paragraph 33 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 33.

**Common Law Bad Faith by Defendant Seneca**

34. Paragraph 34 incorporates Plaintiffs' prior allegations by reference. J.S. Held and Chaka hereby incorporate their answers to those prior allegations by reference.

35. Paragraph 35 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 35.

36. Paragraph 36 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 36.

## VI. DAMAGES

37. Paragraph 37 incorporates Plaintiffs' prior allegations by reference. J.S. Held and Chaka hereby incorporate their answers to those prior allegations by reference.

38. J.S. Held and Chaka deny the allegations in Paragraph 38.

39. J.S. Held and Chaka deny the allegations in Paragraph 39.

40. J.S. Held and Chaka deny that Plaintiffs are entitled to the relief sought in Paragraph 40.

41. J.S. Held and Chaka deny the allegations in Paragraph 41 and further deny that Plaintiffs are entitled to the relief sought in Paragraph 41.

42. J.S. Held and Chaka deny that Plaintiffs are entitled to the relief sought in Paragraph 42.

43. J.S. Held and Chaka deny that Plaintiffs are entitled to the relief sought in Paragraph 43.

44. J.S. Held and Chaka deny the allegations in Paragraph 44 and further deny that Plaintiffs are entitled to the relief sought in Paragraph 44.

## VII.

45. Paragraph 45 does not contain any allegations to be admitted or denied. To the extent an answer is required, J.S. Held and Chaka deny the allegations in Paragraph 45.

46. Paragraph 46 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 46.

47. Paragraph 47 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 47.

48. Paragraph 48 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 48.

49. Paragraph 49 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 49.

50. Paragraph 50 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 50.

51. Paragraph 51 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 51.

52. Paragraph 52 does not contain allegations against J.S. Held or Chaka to be admitted or denied. To the extent a response is required, J.S. Held and Chaka deny the allegations in Paragraph 52.

## VIII. JURY DEMAND

53. J.S. Held and Chaka deny that Texas law applies to Plaintiffs' request for a jury trial.

## PRAYER

54. J.S. Held and Chaka deny that Plaintiffs are entitled to the relief sought and requested in their Prayer.

## IX. AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

Without accepting the burden of proof for any issue on which J.S. Held or Chaka do not have the burden as a matter of law, J.S. Held and Chaka set forth the following affirmative defenses and other defensive matters:

55. J.S. Held and Chaka have been improperly joined in this action.

56. Plaintiffs' causes of action against J.S. Held and Chaka fail to state a claim upon which relief can be granted.

57. As presented in J.S. Held's and Chaka's respective Motions to Dismiss, Briefs in Support and Replies (*see* ECF Doc Nos. 35, 36, 45, 46, 47, and 54), Plaintiffs have no claims against J.S. Held and Chaka under Chapter 541 of the Texas Insurance Code because J.S. Held and Chaka are not engaged in the business of insurance. Plaintiffs have erroneously alleged that J.S. Held and Chaka were hired as insurance adjusters to adjust Plaintiffs' insurance claim. J.S. Held and Chaka are not an insurance adjusting firm or adjusters and did not adjust Plaintiffs' insurance claim. Rather, J.S. Held is a consulting firm and Chaka is a consultant. *See, e.g., Browning v. Sentinel Ins. Co.*, 2011 U.S. Dist. LEXIS 6592, at *4-5 (S.D. Tex. Jan. 24, 2011) (dismissing Texas Insurance Code claims against a construction consultant firm that provided a repair cost estimate, which court recognized is "a service consistently held by courts in Texas—

state and federal—not to constitute engaging in the business of insurance for purposes of a claim under the Texas Insurance Code"). Accordingly, all of Plaintiffs' Texas Insurance Code claims against J.S. Held and Chaka fail.

58. Plaintiffs' misrepresentation-based claims fail to plead with sufficient particularity the elements of such a claim.

59. Plaintiffs' claim that J.S. Held and Chaka "knowingly" committed Texas Insurance Code violations is vague, indefinite and not supported by factual allegations and fails to plead with sufficient particularity the alleged conduct by these defendants.

60. Plaintiffs' claims are subject to the "one satisfaction rule" and/or the economic loss rule.

61. Plaintiffs' Texas Insurance Code claims fail because Plaintiffs have no actual damages independent of their claim for policy benefits and have failed to allege any factual allegations that J.S. Held's and/or Chaka's alleged Texas Insurance Code violations caused Plaintiffs any cognizable injury independent of the alleged breach of the insurance policy.

62. In the event Plaintiffs have any damages, Plaintiffs have the burden of allocating between covered and non-covered damages.

63. Plaintiffs' claims against J.S. Held and Chaka are barred because Plaintiffs' claim for insurance is the result of a bona fide coverage dispute under the insurance policy issued by Seneca Insurance Company. This bona fide coverage dispute precludes liability and Plaintiffs' recovery of damages under their statutory claim.

64. Plaintiffs have no basis on which to recover attorneys' fees against J.S. Held or Chaka.

65. Plaintiffs' claims may be barred, in whole or in part, due to Plaintiffs' failure to mitigate the alleged damages and their contribution to their own alleged damages.

66. Plaintiffs' claims are barred in whole or in part because Plaintiffs, or their agents, failed to use that degree of care and caution that would have been used by persons of ordinary prudence under the same or similar circumstances. Plaintiffs' and/or their agents', representatives' or employees' own actions and failures constitute negligence and were a proximate cause, sole proximate cause, producing cause, or contributing cause of Plaintiffs' damages, if any.

67. J.S. Held and Chaka assert all defenses, contractual, statutory or otherwise, available under the applicable insurance policy issued by Seneca Insurance Company, including but not limited to exclusions for wear and tear; corrosion; deterioration; defect or any quality in the property that causes it to damage or destroy itself; and faulty, inadequate or defective maintenance.

68. J.S. Held and Chaka are entitled to a credit, offset, allowance or reduction against any damages that might be awarded by the jury, which J.S. Held and Chaka deny Plaintiffs are entitled to receive, including but not limited to all payments made by Plaintiffs' insurance carrier to Plaintiffs on the underlying insurance claims and the amounts of Plaintiffs' deductibles under the policy, as applicable.

69. Plaintiffs' alleged damages, if any, were solely or partially caused by the acts, omissions, conduct or breach of duty of parties, persons or entities over whom J.S. Held and Chaka possessed no control or right of control and for whose acts and/or omissions J.S. Held and Chaka are not responsible. The acts and/or omissions of such parties, persons or entities were the proximate, producing, contributing, comparative, or sole proximate cause of Plaintiffs' alleged damages, if any.

70. In the event Plaintiffs settle with any person, J.S. Held and Chaka invoke their right to the maximum settlement credit permitted by applicable law, including but not limited to Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

71. In the unlikely event the Court and/or the jury finds that J.S. Held and/or Chaka, along with any other defendant in this case, were negligent or otherwise liable to Plaintiffs for damages, J.S. Held and Chaka assert the right of contribution from each co-defendant in accordance with Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, or any other statute or common law rule.

72. In the unlikely event that Plaintiffs obtain a judgment for punitive damages against J.S. Held and/or Chaka, J.S. Held and Chaka would show that their liability is limited by the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code and that any award of punitive damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Furthermore, J.S. Held and Chaka assert all available constitutional limitations on such an award under the United States and Texas Constitutions, including but not limited to Article I, Section 19 of the Texas Constitution and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

## X. PRAYER

Defendants J.S. Held, Inc. and Richard Chaka request that Plaintiffs take nothing by this suit, that Defendants J.S. Held, Inc. and Richard Chaka recover their costs and have such other and further relief, both at law and in equity, to which they may be justly entitled.

Respectfully submitted,

By: */s/ Michael C. Smith*

WILLIAM D. COBB, JR.
Texas Bar No. 04444150
MICHAEL C. SMITH
Texas Bar No. 24013533
COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
214.220.5201 (direct)
214.220.5251 (direct fax)
email: wcobb@cobbmartinez.com
email: msmith@cobbmartinez.com

ATTORNEYS FOR DEFENDANTS J.S. HELD, INC. and RICHARD CHAKA

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who are ECF registrants in this case.

Shannon E. Loyd
The Loyd Law Firm, P.L.L.C.
12703 Spectrum Dr., Suite 201
San Antonio, TX 78249
*Counsel for Plaintiffs*

James N. Isbell
Cyrus Haralson
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, TX 77056
*Counsel for Seneca Ins. Co.*

Linda M. Dedman
Scott G. Ball
Dedman Law, PLLC
10440 N. Central Expressway
Suite 1010
Dallas, TX 75231
*Counsel for Plaintiffs*

James L. Sowder
Thompson, Coe, Cousins & Irons, LLP
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
*Counsel for Haag Engineering and R. Kean Jenner*

*/s/ Michael C. Smith*
**MICHAEL C. SMITH**